## 56121. THE STATE v. PURDY.

WEBB, Judge.

While on routine patrol in midafternoon on a rough dirt road in a sparsely populated rural area of Gwinnett County, an officer observed an automobile with two occupants traveling very slowly. The vehicle had a Fulton County license plate. There had recently been several burglaries in that area. The officer continued to follow and observe the car, and while doing so he called on his police radio for a tag check. As he followed, he noticed the passenger turn around and look directly at him. The passenger then began to work with something in the back seat by reaching over from the front seat, receiving help from the driver who also was reaching over into the rear seat and rear floorboard area. The officer concluded that the occupants were trying to hide or stuff something in the back seat. Becoming somewhat suspicious and at the same time thinking that the two parties might be lost or need some help, the officer stopped the car and approached it. Confronting the driver, he asked him what the problem was and to see his driver's license. At this point the patrolman detected the odor of burning marijuana. Looking from the outside into the rear seat of the car, the officer saw partially covered grocery bags with plastic bags of suspected marijuana protruding.

The officer reiterated that he stopped the car and the two men to check the driver's license, and to identify the

two parties in this area where there had been burglaries in the past.

As a result of the foregoing, Timothy James Purdy was indicted for the offense of violating the Georgia Controlled Substances Act. Code Ann. § 79A-802 et seq. His motion to suppress was sustained, the trial court opining that the officer was without authority to stop the accused. We are unable to agree with the learned trial judge, and reverse.

An officer does have the limited right to speak to and temporarily detain a citizen for a routine check of driver's license or identification. *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286) (1970). *Allen v. State,* 140 Ga. App. 828 (232 SE2d 250) (1976) is applicable here. There the officers observed a truck traveling along a dirt road after midnight where recently several burglaries had taken place. The officers testified that they stopped the truck to identify the driver and see if he had a valid driver's license. There had been no traffic violations. Speaking for the majority of the court, Judge Marshall (now Justice) said: "We cannot say that three males driving along a dirt road late at night in a high crime area does not give rise to an articulable ground for suspicion. '"In Terry [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] this court recognized that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' . . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612).' *Cunningham v. State,* 133 Ga. App. 305, 309 (211 SE2d 150)." Ibid., p. 831.

In this case Purdy and his companion were engaging

in an activity similar to *Allen,* except that Purdy was driving in midafternoon. However, Purdy and his passenger were making some movements on the back seat as if to cover up something which were such as to give the officer articulable grounds for suspicion, particularly in an area in which recent burglaries had occurred, sufficient to justify a stop for license check and identification.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED OCTOBER 2, 1978 —

*Bryant Huff,* District Attorney, *Dawson Jackson, Steven L. Reed, Assistant District Attorneys,* for appellant.
*G. Hughel Harrison,* for appellee.