## 43537. BRYANT v. THE STATE.
(347 SE2d 567)

MARSHALL, Chief Justice.

Anthony Jerome Bryant appeals from his conviction of the felony murder of Russell C. Walker, for which he was sentenced to life imprisonment.[1] We affirm.

There was evidence to the following effect. During a dice game at East Lake Park with Billy Blanding, the victim (Walker), and the victim's brother-in-law, Rodney Oglesby, appellant Bryant knocked over the victim's beer. Walker demanded compensation; Bryant refused. The appellant went across the street and returned, armed with a broken bottle. Walker got Oglesby's .22 caliber pistol from Oglesby's car and fired once in the appellant's direction. Walker snatched a gold chain from the appellant's neck as compensation for the spilled beer, and the appellant drove away.

Walker rode with Oglesby to a liquor store, and was sitting alone in the automobile when the appellant drove up, "tires hollering," parked, and approached the automobile on foot, carrying a .32 caliber pistol. The appellant reached into the open driver's window and fired at Walker, wounding him superficially, while the latter was seated in Oglesby's vehicle. Oglesby's .22 caliber pistol was on the seat. Walker exited the automobile, carrying Oglesby's pistol, and the appellant pursued him on foot, continuing to fire at him with the .32 caliber pistol. When Walker fell, the appellant stood over him and fired at him once more.

Only one round was found to have been fired from the pistol used by the victim, and all but one of the rounds in the appellant's pistol had been fired. The cause of death was determined to be two entry gunshot wounds to the back, with the third such wound, sustained inside the automobile, having been a contributing factor.

1. In his first three enumerations of error, the appellant challenges the trial court's instructions on self-defense, mutual combat, and an inference of intent.

The transcript reveals that, at the end of the charge to the jury,

---

[1] The murder was committed on September 20, 1985. Bryant was found guilty and sentenced on January 15, 1986. He moved for a new trial on February 13, 1986, and filed an amendment thereto on March 11, 1986. The motion for new trial, as amended, was denied on March 25, 1986. The notice of appeal was filed on April 22, 1986. The transcript of evidence was filed on May 13, 1986. The record was docketed in this court on May 22, 1986, and was submitted for decision without oral argument on July 3, 1986.

the trial court inquired of the appellant's counsel as to whether or not he had any objections to the charge as given. Counsel responded by objecting to two wholly different issues in the charge, neither of which complained of the references to self-defense, mutual combat, and an inference of intent. Never was objection raised or otherwise preserved for appeal based upon the law as to these issues charged to the jury and now assigned as error on appeal.

"The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. [Cit.] If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980), and cases cited therein. Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge. [Cit.]" *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982).

Thus, the procedural default in this case precludes further review of the court's charge occurring in the guilt/innocence phase of the trial.

2. In his fourth and final enumeration of error, the appellant contends that the evidence was not sufficient to support his conviction for felony murder based on the underlying felony of aggravated assault.

We find that the evidence was sufficient to authorize a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Virginia W. Tinkler*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.