## 73275. MITCHELL v. THE STATE.
### (352 SE2d 647)

POPE, Judge.

Bobby Lewis Mitchell brings this appeal from his conviction of kidnapping (two counts), rape, and aggravated assault (two counts). In his sole enumeration of error appellant challenges the denial of his motion to suppress evidence seized from his person. *Held*:

The record shows and the trial court found that appellant was in custody at the time of his committal hearing. During that hearing he crossed his legs and the pattern of the tread on the soles of his shoes was observed by a law enforcement officer who was acting as bailiff at the hearing. The tread of the shoes was seen in plain and open view. The officer seized the shoes upon appellant's return to jail based upon the officer's earlier investigation at the scene of the crimes which revealed a similar tread pattern having been made by one of the alleged perpetrators. The trial court concluded that the officer had probable cause to seize the shoes at that time and denied appellant's motion to suppress.

"The 'plain view' exception to the warrant requirement is based on the theory that the discovery of the particular incriminating evidence is not the result of a search. In *Coolidge v. New Hampshire,* [403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971),] the court said that in order for the plain view exception to apply, three requirements must be met: (1) the object must be inadvertently discovered, (2) the officer discovering the object must have a legal right to be where he is at the time of the discovery, and (3) it must be immediately apparent that the seized item is stolen property, contraband, or other fruits of a crime or evidence of a crime." Daniel, Ga. Crim. Trial Prac., § 4-32 (1985 ed.) " 'Plain view' is perhaps better understood . . . not as an independent 'exception' to the Warrant Clause, but simply as an extension of whatever the prior justification for an officer's 'access to an object' may be. The principle is grounded on the recognition that when a police officer has observed an object in 'plain view,' the owner's remaining interests in the object are merely those of possession and ownership, [cit.]. Likewise, it reflects the fact that requiring police to obtain a warrant once they have obtained a first-hand per-

ception of contraband, stolen property, or incriminating evidence generally would be a 'needless inconvenience'. . . ." *Texas v. Brown*, 460 U. S. 730, 738-39 (103 SC 1535, 75 LE2d 502) (1983).

On the basis of the record here, we find that the trial court's findings are not clearly erroneous. See generally *Berger v. State*, 150 Ga. App. 166 (257 SE2d 8) (1979), cert. den., 445 U. S. 927 (1980). Applying these findings to the legal principles enunciated above, we conclude that the trial court did not err in denying appellant's motion to suppress on the basis that the evidence seized was in plain view. See *Houser v. State*, 234 Ga. 209 (2) (214 SE2d 893) (1975).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1987.

*Dwight H. May*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.