## 76679. LOUIS v. THE STATE.
### (373 SE2d 231)

SOGNIER, Judge.

Appellant was convicted of trafficking in cocaine and he appeals.

1. In his first three enumerations of error appellant contends the evidence is not sufficient to support the verdict, and therefore, it was error to deny his motion for a directed verdict of acquittal.

The evidence disclosed that pursuant to information received over a three-day period from two confidential informants, together with surveillance of a house where drugs were allegedly being sold, Investigator Hank Lowry of the Houston County Sheriff's Department obtained a "no-knock" warrant to search the premises and the curtilage for cocaine. The warrant was executed about 11:00 or 11:15 p.m. and appellant, Jan Hunt, lessee of the house, and her baby, were present. Appellant was patted down by Lieutenant Arthur Harris, who felt something in appellant's pocket which Harris thought was a package of cocaine. Therefore, Harris made a complete search of appellant. Although no contraband was found appellant had approximately $3,100 cash in his pockets. Appellant acknowledged that a car parked in the carport was his and when the car was searched, approximately $25,000 cash and some paper and plastic bags containing a white powdery substance were found under the hood. The powdery substance was analyzed and one bag contained 84 grams of cocaine with a purity of 66 percent. The other bags did not contain controlled substances but contained benzocaine, which can be purchased legally without a prescription. A set of scales and a syringe were also found in the house. Appellant did not testify on the merits or present any defense evidence.

We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. Appellant alleges error by the trial court in denying his motion to suppress evidence seized in the search of the premises. Appellant argues that because he was a mere visitor on the premises, the police had no authority to search him or his automobile. This enumeration of error is without merit.

In addition to the evidence summarized in Division 1, evidence was adduced at the suppression hearing that the informants told Investigator Lowry that two black Haitian males were selling cocaine on

the premises. At Lowry's request, one of the informants went to the house and observed two sales of cocaine less than twenty-four hours before the warrant was executed. The surveillance team observed appellant's car in the carport about four hours before the search was conducted; they departed and returned shortly before the warrant was executed and at that time appellant's car was gone. However, the car returned and a black male got out of the car and went in the house. When the police entered the house immediately thereafter, appellant was the only black male present, and it was determined that he was Haitian. After being patted down and searched, appellant acknowledged that the car in the carport belonged to him, and when asked for the keys, stated they were on the table with his other possessions which had been removed from his pockets. While appellant was being searched a small plastic bag containing a white powder fell out of a blanket wrapped around Hunt's baby, who was on the couch.

Appellant testified at the suppression hearing that he was visiting Jan Hunt, whom he had met in Florida about six months earlier. Appellant testified he was getting ready to buy a boat, and had hidden the money under the hood of his car so he would not be robbed. Appellant also testified that he had been at the house about fifteen minutes when the warrant was executed, and denied having been there earlier. He also denied any knowledge of the cocaine, or how it got under the hood of his car.

Appellant argues that because he was only a visitor at the house the police had no authority to search him. We do not agree. Although no person was named in the warrant because the police were unable to determine who occupied the house, OCGA § 17-5-28 (2) provides: "In the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time: . . . To prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant." We find that under the facts of this case, the search of appellant was authorized by § 17-5-28 (2). The police had information that two black Haitian males were selling cocaine in the house, and appellant was the only black Haitian male present. Thus, it was reasonable for the police to believe that appellant was one of the two men selling cocaine in the house. Although appellant claimed he had only been at the house for fifteen minutes, the police had observed his car there four hours earlier. Lieutenant Harris testified that appellant did not state he was a visitor, (although appellant testified at the suppression hearing that he told the police he was just visiting). Thus, when Lieutenant Harris felt what he believed was cocaine in appellant's pocket, he was justified in searching appellant to prevent the disposal or concealment of articles (cocaine) named in the search warrant. See, e.g., *Campbell v. State*, 139 Ga. App. 389, 391 (4) (228 SE2d 309) (1976).

Accordingly, we find the search of appellant was lawful.

We also find the search of appellant's vehicle was authorized by the warrant. The warrant authorized a search of the premises and curtilage, and appellant's car was parked in the carport within the curtilage. We have held that a vehicle parked within the curtilage is subject to search. *Bellamy v. State,* 134 Ga. App. 340, 341 (2) (214 SE2d 383) (1975); *Robinson v. State,* 180 Ga. App. 43, 49 (2E) (348 SE2d 662) (1986), (reversed on other grounds, 256 Ga. 564). Hence, the trial court did not err by denying appellant's motion to suppress.

3. Appellant filed a supplemental brief containing an additional enumeration alleging error in the trial court's charge that appellant could be found guilty if the jury believed beyond reasonable doubt that appellant was in constructive possession of more than 28 grams of cocaine. Although appellant objected to the court's giving the definition of trafficking in cocaine twice, appellant made no objection to the charge now enumerated as error when asked by the court if counsel had any objections to the charge, and he did not reserve exceptions to the charge. Thus, he has waived his right to enumerate this charge as error. *Henry v. State,* 176 Ga. App. 462, 464 (5) (336 SE2d 588) (1985).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 19, 1988.

*R. Robider Markwalter,* for appellant.

*G. Theron Finlayson, District Attorney, George R. Christian, Assistant District Attorney,* for appellee.