A89A0303. JACKSON v. THE STATE.

(382 SE2d 177)

SOGNIER, Judge.

Traypaniel Jackson was indicted for possession of cocaine with intent to distribute. After the trial court denied his motion to suppress, Jackson entered a plea of guilty, reserving his right to bring this appeal from the denial of his motion to suppress.

The evidence adduced at the hearing on the motion to suppress showed that on the afternoon of April 1, 1988, at about 2:30 p.m., Chief Jim Brooks and Major Robert Allen of the Macon Police Department were patrolling in an unmarked police car in an area known for drug transactions when they observed a pickup truck, occupied only by the driver, parked on the street. A second man was standing outside the truck on the driver's side. The officers approached the truck, Brooks stopped the individual standing beside the truck, and after he was identified and a computer check revealed no warrants or violations, he was allowed to leave.

Meanwhile, Allen initiated his investigation of the driver, later identified as appellant. After appellant exited the vehicle, Allen determined that appellant's driver's license was current and valid, and the mobile computer revealed no warrants, violations, or "holds" on appellant. Although the computer check did reveal that appellant was on probation for a drug offense, a telephone check with appellant's probation officer confirmed that there were no probation or other "holds" on appellant. When asked, appellant stated that the truck

belonged to his uncle, and the computer showed it had not been reported stolen. Allen asked appellant two or three times if he would consent to a search of the truck, but appellant refused.

When Brooks approached the truck after completing his brief investigation of the other individual, he noticed what appeared to be a penny matchbox on the floor of the cab of the truck and some money on the seat. The officers radioed for help, and Lieutenant Ellis Harper and several others responded. Harper arrived about 3:00 p.m., and shortly thereafter Brooks left the scene. Allen reported to Harper that appellant had refused to consent to a search, and asked Harper to procure a search warrant. Harper left the scene, and proceeded to City Hall, where he had the search warrant affidavit typed and determined that appellant's uncle was the owner of the truck. He then took the affidavit to a judge, who signed the warrant at 4:15, and at 4:20 Harper radioed Allen that the search warrant had been signed.

In the interim, officers had been detaining appellant at the scene, one officer on either side of appellant. After being held at the scene for approximately two hours, appellant attempted to leave, but was pursued, overtaken, and arrested. Pursuant to the search warrant, the vehicle was towed to the city crime lab. A search revealed two matchboxes containing 39 pieces of rock cocaine.

1. Appellant first contends his initial stop by the police was not founded on a specific, articulable suspicion as required by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). We do not agree. Brooks testified that the police "had received a tremendous number of calls and so forth about drug violations that were taking place" on the street on which appellant's truck was stopped; the driver was engaged in conversation with a pedestrian, and as the officers approached in their unmarked vehicle, appellant immediately pulled his hands down and reached toward the floorboard as if to hide something. This constituted the observation of suspicious activity by appellant in an area known for drug transactions. Taken together, these observations constituted a founded suspicion sufficient to justify a brief investigatory stop. See *State v. Purdy*, 147 Ga. App. 340 (248 SE2d 683) (1978); *Jones v. State*, 156 Ga. App. 730 (275 SE2d 778) (1980).

2. Appellant next asserts that even if the circumstances justified a brief, investigatory stop, the unlawful detention of appellant for almost two hours while the police obtained a search warrant was unlawful. "The rationale of [*Terry v. Ohio*], supra, and its progeny allows investigating officers who possess articulable suspicion of criminal activity to detain a suspect for a limited period in order to identify the suspect, frisk him if necessary, and conduct limited questioning. [Cit.] Detention beyond that authorized by [*Terry*] is an arrest, and, to be constitutional, such an arrest must be supported by probable cause.

[Cit.] Probable cause to arrest exists where, based on objective facts and circumstances, a man of reasonable caution would believe that a crime has been or is being committed. [Cit.]" *Williams v. State*, 251 Ga. 749, 792 (8) (a) (ii) (312 SE2d 40) (1983).

"An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." *Clements v. State*, 226 Ga. 66, 67 (2) (172 SE2d 600) (1970). Nothing could be clearer in this case than that appellant was not free to come and go as he pleased. Not only was he surrounded by police officers, but when he did try to leave he was pursued and captured. Nor can appellant's detention for almost two hours be justified as a brief, investigatory stop. In *Radowick v. State*, 145 Ga. App. 231 (244 SE2d 346) (1978), this court found that "where detention exceeded 40 minutes, it tortures the English language to say it was a 'brief' stop or 'momentary detention.'" Id. at 238-239 (3). While *Radowick* does not carry precedential value, having been decided with only two judges concurring fully, we have no difficulty in finding that the detention here, which was more than twice as long as the detention in *Radowick*, may not be characterized as a brief, investigatory stop. See also *United States v. Place*, 462 U. S. 696, 709-710 (103 SC 2637, 77 LE2d 110) (1983), where a 90 minute stop lacking probable cause was disapproved.

The question then becomes whether probable cause existed for the detention of appellant for almost two hours. The State carries the burden of showing a warrantless arrest was lawful, *Bodiford v. State*, 169 Ga. App. 760 (315 SE2d 274) (1984), and the existence of probable cause must be "measured by current knowledge, i.e., at the moment the arrest is made and not hindsight. [Cit.]" *Lovell v. State*, 178 Ga. App. 366, 367-368 (1) (343 SE2d 414) (1986). Thus, the fact that contraband was eventually found in appellant's truck has no bearing on whether probable cause existed for the detention. Rather, it is the "seizure" of appellant and the truck *prior* to the discovery of the contraband which must be examined for the existence of probable cause.

The only suspicious fact *known* to the officers when they detained appellant and the truck was that appellant was present in an area in which many drug transactions take place. His truck was not stolen, he had committed no traffic violations, and he had a valid driver's license which, when checked through the mobile police computer, showed appellant was not "wanted" by the police for anything. The only items in "plain view" in the truck were an ordinary penny matchbox and two pieces of U. S. currency. Although police officers testified at the motion hearing that sometimes drugs were hidden in matchboxes, they also testified that drugs were sometimes hidden in paper bags, other ordinary household items, and articles of clothing, and conceded that matchboxes could also contain matches. The ob-

servation of a paper bag, a garment, or a matchbox does not constitute probable cause to search a vehicle, and we cannot agree that under these circumstances probable cause existed to arrest appellant or seize the truck.

We do not agree with the State that even if appellant's arrest was unlawful, it was harmless because no contraband was recovered from a search of *appellant*—but only from a search of the truck pursuant to a search warrant. We find this argument specious because the warrant was obtained almost two hours after both appellant *and the truck* were "seized" by restraining all freedom to come and go. We are mindful of the serious burden the proliferation of illegal drugs has placed on our society, and of the need for creative solutions needed to curb and eradicate this epidemic. However, "if illegal detention for an extended period of time, without prior probable cause, is not sufficient to exclude evidence obtained thereby, then police officers have been judicially licensed to illegally detain suspects, without probable cause, for extended periods of time, until the will of the suspect succumbs to the coercive effect of illegal police action. This court can not countenance illegal acts even though they achieve desired civic solutions." *Radowick*, supra at 242. Accordingly, as no probable cause existed to detain appellant or the truck for almost two hours while a search warrant was obtained, appellant's motion to suppress the "fruits" of the search of the truck should have been granted. See generally *Whisnant v. State*, 185 Ga. App. 51, 52-54 (2) (363 SE2d 341) (1987).

3. Appellant's other enumerations of error are rendered moot by our decision in Division 2.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 4, 1989.

*Stephen T. Maples, Gregory N. Crawford*, for appellant.

*Willis B. Sparks III, District Attorney, Samuel F. Greneker, Howard Z. Simms, Assistant District Attorneys*, for appellee.