## A89A0751. PAUL v. THE STATE.
(382 SE2d 374)

BANKE, Presiding Judge.

The appellant, her sister, and her sister's live-in boyfriend were jointly indicted and tried for trafficking in cocaine. At trial, the appellant admitted having brought the cocaine in question into the co-defendants' residence and having kept it there without their knowledge. She was accordingly convicted, while they were found not guilty. She brings this appeal from the denial of her motion for new trial. *Held*:

1. The appellant contends that in charging the jury the trial court gave the misleading and improper impression that she could be found guilty of trafficking in cocaine based on evidence that she had

been merely in constructive possession of the contraband. The earlier version of OCGA § 16-13-31 (a), under which the appellant was charged, specified in pertinent part that one "knowingly in actual possession" of the required quantity of cocaine was punishable for trafficking. In *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), the Georgia Supreme Court held that this statutory language was incompatible with a jury charge permitting a trafficking conviction to be based on constructive possession. Accord *Chews v. State*, 187 Ga. App. 600 (6) (371 SE2d 124) (1988). (The statute has since been amended to delete the word "actual" from subsections (a), (b), and (c) of the Code section.) See Ga. L. 1988, p. 420, § 2.

In the present case, the court recalled the jurors to the courtroom following its original charge to clarify to them that although a defendant could be convicted of the lesser included offense of simple possession based on either actual or constructive possession, a conviction of trafficking must be based on "actual possession of the cocaine." The court qualified this, however, by charging the jury that a defendant could be found guilty of trafficking "on the basis of constructive possession if you find that that defendant was a party to the crime of trafficking in cocaine. . . ." The court concluded by stating: "I hope that is clear to you. The constructive possession under trafficking in cocaine only applies if you find that defendant was a party to the crime with an individual who was in actual possession of the cocaine."

Although defense counsel maintains on appeal that these supplemental instructions were improper and misleading, when asked by the trial judge if he had any exceptions or objections to them, he responded, "No, sir." Under such circumstances, he has waived the right to assert such objections on appeal. See *Bryant v. State*, 256 Ga. 273, 274 (347 SE2d 567) (1986); *Louis v. State*, 188 Ga. App. 435 (3) (373 SE2d 231) (1988). The charge in question would appear, in any event, to have been harmless to the appellant in view of her admission at trial that she was the one who had brought the cocaine into the house and was keeping it there.

2. The appellant contends that there was no showing that she was in possession of 28 grams or more of cocaine with "a purity of 10 percent or more," as was alleged in the indictment. See OCGA § 16-13-31 (a) (1). The cocaine in question was contained in three separate plastic bags at the time it was seized. According to a forensic chemist from the State Crime Laboratory who had examined and analyzed the contraband, each bag contained several "sticks" of "french-fried like material," and the combined weight of all the sticks was 35.9 grams. The witness had performed an actual chemical analysis on only one of the sticks. However, he had conducted a "color test" on one stick from each bag, and he testified that these tests indicated both "a presence of cocaine and that they were all the same." On the basis of

the chemical analysis and of his visual examination of the material, including the color tests, he testified that in his opinion each of the three bags contained cocaine of 100 percent purity. We hold that this testimony, in combination with the appellant's trial testimony, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was in actual, knowing possession of more than 28 grams of cocaine, within the contemplation of OCGA § 16-13-31 (a).

3. The appellant contends that a new trial should be granted because the court allowed her to be represented by the same counsel who was representing her two co-defendants. Prior to trial, the court questioned all three defendants about their decision to be represented by the same attorney, asking each if he or she had "any concern that his [i.e., counsel's] representation of any of the others may cause him to have a problem in fully and completely representing you." Each defendant responded in the negative, whereupon the court asked the appellant additional questions to make certain that she understood she did not have to testify. She responded that she had discussed this with counsel, that she understood her rights in this regard, and that she was satisfied with the representation she was receiving. We note that her trial counsel continues to represent her on appeal.

The appellant contends that, notwithstanding her responses to the trial court's questions, the court erred in allowing her to be represented by counsel of her choice because "the evidence in the instant case shows without doubt not only the serious potential for conflict, but a very serious conflict." Counsel has made no attempt to enlighten us as to the nature of this supposed conflict, and we are unable to discern it from an examination of the trial transcript. In particular, we note no apparent inconsistency between the position taken by the appellant at trial and the position taken by her two co-defendants. Consequently, we find this enumeration of error to be without merit. Compare *Wheat v. United States*, 486 U. S. ___ (108 SC 1692, 100 LE2d 140) (1988).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 9, 1989.

*William I. Sykes, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney*, for appellee.