## A89A0921. THE STATE v. BILLOUPS.
(383 SE2d 198)

BANKE, Presiding Judge.

The state appeals the grant of the appellee's motion to suppress evidence seized during a warrantless search of his person.

The appellee was arrested by Officer Hunter of the Valdosta Police Department at approximately 2:30 a.m., while the latter was on routine patrol in the Hudson-Docket section of the city, a neighborhood which the officer characterized as a "highly drug populated area." Officer Hunter testified that as his patrol car rounded a corner, he observed the appellee standing on the sidewalk "conversing" with another male subject. He stated that when the two men looked up and saw the patrol car, they "broke and ran," whereupon he exited the patrol car, chased after the appellee on foot, and ultimately apprehended him. He then conducted a "patdown search" of the appellee's person to "see if he had a weapon on him." Upon doing so, he felt an object in the appellee's pocket which seemed to be a film cannister. Stating that in his experience such cannisters were used to conceal razor blades, he pulled it out of the appellee's pocket and opened it. It proved to contain "crack" cocaine, resulting in the ap-

pellee's indictment for possession of cocaine with intent to distribute. *Held*:

"Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. [Cits.] . . . [F]light in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. [Cits.]" *Cook v. State*, 136 Ga. App. 908, 909 (1) (222 SE2d 656) (1975). See also *Banks v. State*, 187 Ga. App. 280, 282 (370 SE2d 38) (1988); *Moore v. State*, 155 Ga. App. 721 (1) (272 SE2d 575) (1980); *Green v. State*, 127 Ga. App. 713, 715 (194 SE2d 678) (1972). We conclude that in the context of the time of day and the location, the appellee's flight from the officer provided probable cause for a belief that he was in possession of unlawful contraband, with the result that the search was authorized as a search incident to a valid arrest. We accordingly hold that the trial court erred in granting the appellee's motion to suppress.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 6, 1989.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellant.
*William R. Folsom*, for appellee.