A89A1308. DELGADO v. THE STATE.
(384 SE2d 680)

McMURRAY, Presiding Judge.

Defendant Delgado appeals his bench trial conviction of trafficking in cocaine. His sole enumeration of error is the overruling of his motion to suppress.

On September 7, 1987, DeKalb County police narcotics officers executed a search warrant in a suite of rooms at a local motel. When they entered the suite there were eight to ten people in the front and back rooms. A sawed-off shotgun, about one pound of marijuana and a briefcase containing an automatic pistol were on a bed, and marijuana residue and cocaine were found around the suite and on the person of many of the occupants. Defendant Delgado knocked on the door while police were securing the scene and writing up the return on the warrant. He was allowed to enter the room and patted-down

against the wall for weapons. At that time the officer doing the pat-down observed a clear plastic bag containing what appeared to be cocaine protruding from the left front pocket of defendant's loose fitting trousers. The suspected contraband was seized and revealed to be cocaine in a field test. *Held*:

Defendant's challenge to the validity of the search warrant, and as a result thereof his pat-down search and seizure of the cocaine, must fail. Since he was not a registered guest in the motel room and arrived after the search had begun, he lacked standing to object. "[A]s a mere visitor . . . he had no expectation of privacy in the premises of another, where he had neither a proprietary nor a possessory interest. [Cits.]" *Dennis v. State*, 166 Ga. App. 715, 717 (305 SE2d 443) (1983). "The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387). And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises has not had any of his Fourth Amendment rights infringed. Id. The defendant had no legitimate claim to any expectation of privacy in the premises searched and may not now assert a valid claim of illegal search and seizure. [Cits.]" *Staton v. State*, 164 Ga. App. 464 (1), 465 (297 SE2d 375) (1982). Accord *Rich v. State*, 188 Ga. App. 287, 288 (1) (372 SE2d 670) (1988); *Todd v. State*, 184 Ga. App. 750, 751 (2) (362 SE2d 400) (1987).

Not only was the pat-down authorized under OCGA § 17-5-28 (see *Mashburn v. State*, 186 Ga. App. 488 (367 SE2d 881) (1988)), it was justified because defendant Delgado was a person " 'who might reasonably be involved in the crime . . .' " *State v. Hawkins*, 187 Ga. App. 826, 828 (1) (371 SE2d 668) (1988). Accord *Louis v. State*, 188 Ga. App. 435 (2), 436 (373 SE2d 231) (1988). Moreover, the contraband was not discovered as a result of the search, but was actually seen in plain view. The officer's testimony to this effect was corroborated by defendant's recreation of the incident during the motion hearing by putting a bag of flour in the same position as the contraband had been in the same pants pocket; the trial judge, who participated in the reenactment, expressly found that he "could see that [defendant] had something in his pocket which appeared to be white powder in a bag." The plain view exception was clearly met here in that (1) the cocaine was inadvertently discovered, (2) the discovering officer had a legal right to be where he was when he discovered it, and (3) it was immediately apparent that the seized item was contraband. *Mitchell v. State*, 181 Ga. App. 470 (352 SE2d 647) (1987). Accord *Louis v. State*, 188 Ga. App. 435, supra. Accordingly, denial of defendant's motion to suppress was proper.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 14, 1989.

John W. Folsom, for appellant.
Robert E. Wilson, District Attorney, John H. Petrey, Robert M. Coker, Assistant District Attorneys, for appellee.