A89A1979. EDWARDS et al. v. THE STATE.
(391 SE2d 137)

BEASLEY, Judge.

Edwards was convicted of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). Pelayo was convicted of the same offense and also of trafficking in cocaine, OCGA § 16-13-31 (a) (1).

Viewed in favor of the verdict, the evidence was that around 10:00 p.m. on December 25, 1987, a call complaining of loud music in the Long Street area was received by the Folkston and Charlton County police. Deputy Sheriff Jones was on duty and, because the call was from an area of high crime and drug activity, he asked the Sheriff to accompany him. They proceeded down Highway 252 and the Sheriff rolled down his window and heard music as they approached the Long Street area. They turned into an unpaved cross street between Highway 252 and Long Street, heading toward the music. A sportscar with four occupants was parked in the middle of the street with its lights off. The car was blocking the street. The officers turned on their car's blue lights and takedown lights and saw frantic movement in the sportscar.

The officers approached the car with Deputy Jones arriving first at the driver's window. Pelayo was the driver, a juvenile was in the front passenger seat, Jordan was behind Pelayo and Edwards was behind the juvenile. Deputy Jones saw the juvenile stuffing small hard objects into his pockets, which, based on his experience, Jones suspected were rock cocaine. He directed all four occupants to put their hands where he could see them and exit the car.

The sheriff, Deputy Jones and two city officers who had been called as backup when the car was first spotted then patted down the four occupants, finding crack cocaine on the juvenile. There were rocks of cocaine all over the rear floorboard of the vehicle and an empty container was found on Edwards.

Edwards and Jordan had been "hanging out" that night and had gone with the juvenile to a "juke" to find Pelayo with the intention of purchasing cocaine. The juvenile located Pelayo and they, along with Jordan, got in Pelayo's car. They left Edwards at the "juke," but he walked up to the car while it was parked in the street and got in moments before the police arrived. Discussions of the purchase were

going on when the police approached.

Jordan, Pelayo and Edwards were all charged with both trafficking and possession with intent to distribute.

1. Edwards and Pelayo filed Motions to Suppress, the denial of which is enumerated as error in the first enumeration.

Both motions claim otherwise unspecified violations of the "United States Constitution and the Constitution and laws of the State of Georgia." This being insufficient to adequately raise the State constitutional or statutory grounds, *Burroughs v. State*, 190 Ga. App. 467, 471 (2 a) (379 SE2d 175) (1989), we consider only the federal Fourth Amendment grounds.

Since Edwards disclaimed any rights in the cocaine and the car, the only item which he has standing to contest is the empty container seized from his person. *Todd v. State*, 184 Ga. App. 750, 751 (2) (362 SE2d 400) (1985). Although no cocaine was found on Pelayo's person and he disclaimed interest in it, the car was his and he may contest the search of it.

Since the car was blocking the officers in the course of their duty to investigate the disturbance call, they could approach the occupied vehicle to ask that it be moved. Before this occurred, the officers saw activity which aroused their suspicions of drug activity. These suspicions were sufficient for a "*Terry*-type" inquiry. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *Brisbane v. State*, 233 Ga. 339, 341 (211 SE2d 294) (1974); *Jackson v. State,* 191 Ga. App. 439, 440 (1) (382 SE2d 177) (1989); *State v. Purdy*, 147 Ga. App. 340, 341 (248 SE2d 683) (1978).

Once Officer Jones saw what he believed to be cocaine being stuffed into the pockets of the juvenile, he had probable cause to believe at least one of the passengers was possessing cocaine, and his arrest was legal. Patting down the remaining passengers was also warranted, for the protection of the officers. Id. When cocaine was found in the pockets of the juvenile, Deputy Jones returned to the car, flashed his light in, and saw cocaine all over the floorboards. The arrest of all four without a warrant was justified at this point, *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237) (1982); *Napier v. State*, 184 Ga. App. 770, 771 (1) (362 SE2d 501) (1987). The seizing and inventorying of the car pursuant to these arrests was proper, *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976), as was the search of the arrested individuals. *United States v. Robinson*, 414 U. S. 218 (94 SC 467, 38 LE2d 427) (1973).

Denial of the motions was not error.

2. The second enumeration, relating only to Pelayo, is that the court erred in charging both constructive and actual possession with regard to the trafficking count.

Prior to March 28, 1988, when it was amended, OCGA § 16-13-31

(a) (1) required "actual" possession for conviction and this case must be so considered. *Christopher v. State*, 190 Ga. App. 393, 394 (2) (379 SE2d 205) (1989).

Both trafficking and possession with intent to distribute were charged and considered by the jury as to Pelayo. While constructive possession will support possession with intent to distribute, it will not support a trafficking conviction under the unamended statute. *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988); *Paul v. State*, 191 Ga. App. 506, 507 (1) (382 SE2d 374) (1989); *Coleman v. State*, 189 Ga. App. 366, 368 (7) (375 SE2d 663) (1988); *Deych v. State*, 188 Ga. App. 901, 902 (2) (374 SE2d 753) (1988). The instructions given by the court were not separated as to counts, and constructive possession was repeatedly charged to the jury, once when, after beginning deliberations, they asked the court for a clear definition of "possession." This was error and the conviction of Pelayo on Count 1 is reversed. Id. Constructive possession is an appropriate consideration under Count 2, and that conviction is affirmed.

Defendant Pelayo did request an instruction on actual and constructive possession, but since that was an appropriate concept under Count 2, the request did not amount to induced error. See *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980); *Hill v. State*, 237 Ga. 523, 525 (3) (228 SE2d 898) (1976); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

3. Edwards contends in the third enumeration that the court erred by not giving him an opportunity to object to the court's charge, in spite of his filing a "Reservation of Right to Object to Charge."

After the charge, the court did not ask for objections. This does not mean, however, as apparently believed by Edwards, that he thereby was deprived of the right to contest the charge. When the court does not specifically inquire of a defendant if there are objections, the defendant may raise objections either in his motion for new trial or on appeal. *Bryant v. State*, 256 Ga. 273, 274 (1) (347 SE2d 567) (1986); *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975); *Jackson*, supra. Having not done so, any such errors are waived.

4. Edwards claims error in the court's denial of his motion for directed verdict based on insufficiency of evidence.

While the evidence supports the conclusion that Edwards went with Jordan to purchase cocaine, it is legally insufficient to support the conviction of possession with intent to distribute and must be reversed. *Cochran v. State*, 190 Ga. App. 884, 885 (1) (380 SE2d 319) (1989); *Ridgeway v. State*, 187 Ga. App. 381, 382 (370 SE2d 216) (1988).

5. The last enumeration need not be addressed.

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1990.

*Eleanor R. Dotson, Delman L. Minchew*, for appellants.
*Harry D. Dixon, Jr., District Attorney*, for appellee.