## A89A2231. THE STATE v. PATRICK.
(392 SE2d 342)

DEEN, Presiding Judge.

The State appeals from the grant of Patrick's motion to suppress evidence seized from the area where he was arrested.

The record shows that at 10:30 p.m. police officers went to a specific location in a housing project in response to a complaint of drug trafficking presently occurring at that location, and found Patrick congregating with a "bunch of guys." Patrick and the others bolted when they noticed the presence of the police officers. Patrick was then

observed attempting to conceal himself behind a building, and ran again when the officers approached him to inquire why everyone had run off. Despite jettisoning 33 rocks of crack cocaine and $420 cash, however, Patrick could not outrun the officers, and he was charged with possession of cocaine with intent to distribute.

In *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989), a police officer on routine patrol at 2:20 a.m. in a neighborhood characterized as a "highly drug populated area" came upon Billoups conversing with another man at a street corner. When Billoups and his companion observed the patrol car, they both "broke and ran." The police officer chased after Billoups on foot and eventually apprehended him. A pat-down search revealed a film canister containing crack cocaine, resulting in Billoups being charged with possession of cocaine with intent to distribute. This court subsequently concluded that, considered in the context of the time of day and the location, Billoups' flight from the officer provided probable cause for the warrantless arrest.

The facts of the instant case provide even a stronger basis for finding probable cause than the facts in *Billoups*. The fact that Patrick lived in the housing project and the fact that the transaction took place at 10:30 p.m. instead of 2:30 a.m., are inconsequential differences. In short, under *Billoups*, the trial court erred in granting Patrick's motion to suppress.

*Judgment reversed. Birdsong, J., concurs. Cooper, J., concurs specially.*

COOPER, Judge, concurring specially.

I concur with the majority's conclusion that the trial court erred in granting Patrick's motion to suppress, but write separately because I reach the same conclusion in a different way. The majority relies on *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989), in which this court concluded that where a man, conversing with another man during the early morning hours in a "highly drug populated area," broke and ran upon seeing police officers, the officers from whom he ran had probable cause to believe that he was in possession of contraband. Because I strongly disagree with the holding in *Billoups*, I cannot concur fully with the majority opinion. However, in the case at bar, the record shows that the officers received a complaint about drugdealing at a specific housing project; that the officers observed appellee run away as they approached; that as the officers chased appellee he discarded a plastic bag which appeared to be crack cocaine; that as the officers continued chasing appellee he discarded another bag which contained money. Based on these facts, I conclude that the officers had a reasonable suspicion to believe that Patrick was involved in criminal activity and were justified in stopping appellee.

However, in the absence of such a justifiable suspicion, I could not conclude that a person's mere presence in a "highly drug populated area" and subsequent flight upon seeing police, provides any basis for any kind of police-citizen encounter other than, at most, a verbal encounter involving no coercion or detention.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 26, 1990 — 

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas*, *Barbara A. Smith*, Assistant District Attorneys, for appellant.
*Bobby H. Barton*, for appellee.