S90A0184. SHROPSHIRE v. THE STATE.
(389 SE2d 758)

BELL, Justice.

Thomas Jefferson Shropshire appeals his conviction for the felony murder of Arthur Young, Jr. We affirm.[1]

1. Appellant raises the general grounds.

The evidence, when considered most favorably to the jury's determination, showed that for several years appellant had a relationship with a woman named Mary Chapman. Chapman attempted to end the relationship, and began a relationship with the victim. However, appellant attempted to continue his relationship with Chapman. After meeting with Chapman on the day of the killing, appellant confronted the victim, who was in Chapman's house. Appellant fired a gun into the house, fatally wounding the victim. At the date of the shooting, appellant was a convicted felon.

We conclude that the evidence was sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that the trial court's charge on felony murder

---

[1] The victim was killed on October 28, 1988. On January 13, 1989, appellant was indicted for felony murder and four other charges. On March 23, 1989, a jury returned a verdict of guilty of felony murder, with possession of a firearm by a convicted felon as the underlying felony. Appellant was not convicted of the other four charges. On March 28, 1989, the court sentenced appellant to life imprisonment.

On July 13, 1989, appellant moved pro se for an out-of-time appeal. On July 20, 1989, the court appointed new counsel for appellant. On August 15, 1989, that counsel filed a second motion for an out-of-time appeal, the court granted the out-of-time appeal, and counsel filed a notice of out-of-time appeal.

On October 10, 1989, the court reporter certified the trial transcript, and on October 26, 1989, the clerk of the trial court certified the record. On November 6, 1989, the appeal was docketed in this Court, and on December 22, 1989, the appeal was submitted for decision without oral argument.

and possession of a firearm by a convicted felon erroneously allowed the jury to convict him based on an underlying felony that was a "status" offense.

This assertion has no merit. Appellant failed to preserve this issue for appellate review. See *Bryant v. State*, 256 Ga. 273 (1) (347 SE2d 567) (1986). Moreover, the trial court charged the jury that it was required to find some connection between the homicide and the underlying felony, and our review of the record shows that there was evidence of the requisite connection. *Hall v. State*, 259 Ga. 243, 244 (1) (378 SE2d 860) (1989).

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only as to Division 2.*

DECIDED APRIL 5, 1990.

*Rochelle Cross, Lori Spielberger,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.