*W. Browning*, for appellees.

### A90A0927. SMITH v. THE STATE.
(397 SE2d 9)

BEASLEY, Judge.

Defendant was sentenced for possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), after he pleaded guilty to the charge. He reserved the right to appeal from the denial of his motion to suppress. *Jackson v. State*, 191 Ga. App. 439 (382 SE2d 177) (1989).

Athens Police were notified by a confidential informant that illegal drugs would be distributed to sellers from room 30 of a Watkinsville motel. The informant, who had given reliable information in the past, described a red Honda Prelude with a damaged right side which would be used by a black male in his early thirties. Detectives Crews and Newson, in plain clothes and driving an unmarked car, observed such a car located in front of room 30 of the motel. Defendant and another black male were standing at the door conversing, and then defendant left in a cream-colored Ford pickup truck. The officers followed at a distance.

After traveling several miles, they came upon a traffic jam at an intersection. The officers got out of their car and approached the pickup truck with badges held in their outstretched hands. Defendant abruptly forced his truck ahead to the turn lane of the intersection. The two detectives returned to their car and continued to follow defendant, who drove to a residence and stopped. The officers again exited their vehicle and approached the truck. Defendant drove off at a "high rate of speed" and the officers, returning to their car, pursued him about the neighborhood at speeds reaching 50 to 60 m.p.h. Defendant stopped at another house and ran from the truck. The officers followed on foot. Defendant threw a small bag containing white powder to the ground. Based on Crews' experience, he believed it to be cocaine. Defendant was apprehended and searched.

Defendant contends that there was no basis for an articulable suspicion to justify a *Terry [v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)] type investigative stop and no probable cause to justify his arrest. It is further argued that when defendant left his truck, an arrest took place for which no probable cause existed, and that his subsequent action in throwing away the cocaine bag and the consequent recovery by the police was a product of his illegal arrest.

A three-tier level of citizen-police encounters has been delineated. See *Miranda v. State*, 189 Ga. App. 218, 219 (1) (375 SE2d 295) (1988); *Allen v. State*, 172 Ga. App. 663, 665 (1) (324 SE2d 521)

(1984). The detectives' initial efforts to make contact with the defendant amount to, at the very most, a *Terry*-type stop, the second tier. *Sultenfuss v. State*, 185 Ga. App. 47, 48 (1) (363 SE2d 337) (1987); *Hudgins v. State*, 188 Ga. App. 798, 799 (374 SE2d 566) (1988).

The theory that defendant was arrested the moment he bolted from his truck is not sustainable. *Florida v. Rodriguez*, 469 U. S. 1 (105 SC 308, 83 LE2d 165) (1984); *Sultenfuss*, supra. See *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989). Compare *State v. Patrick*, 195 Ga. App. 87 (392 SE2d 342) (1990) [physical precedent only]. Even if it were, the officers had probable cause for his arrest at that point based on his driving at excessive speed. OCGA § 17-4-60; *O'Keefe v. State*, 189 Ga. App. 519, 522 (1) (376 SE2d 406) (1988); *Williams v. State*, 171 Ga. App. 807, 809 (1) (321 SE2d 386) (1984); *Walker v. State*, 144 Ga. App. 838 (2) (242 SE2d 753) (1978). Crews testified that defendant was turned over to Clarke County officers for "traffic charges" and the "white powder." *Thompson v. State*, 175 Ga. App. 645, 646 (2a) (334 SE2d 312) (1985).

The denial of the motion to suppress was not error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Kathleen J. Anderson, Albert M. Pearson III*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.