A93A1177. THE STATE v. SAVAGE.
(439 SE2d 738)

McMURRAY, Presiding Judge.

Defendant Savage was charged by accusation with driving under the influence of alcohol. The trial court granted defendant's motion to suppress the results of an intoximeter test, finding that the arresting police officer failed to show that he had a reasonable articulable suspicion of criminal activity to justify the stop of the vehicle. The State appeals from that order, contending that the trial court erred in finding that the stop was unauthorized.

Shortly past 2:00 a.m. on Thursday, May 21, 1992, Officer Smith was on foot patrol in a "known drug area." Smith observed defendant driving a truck through the area several times over a 15-minute period. After seeing the truck three times, Smith observed the truck pull over to the curb and stop. A pedestrian approached the passenger side of the truck, spoke briefly with defendant and made a gesture which alerted defendant to the officer's presence. Apparently, defendant drove away after being alerted to the presence of Officer Smith. Smith radioed another officer who was also patrolling the area and told him to stop the truck if he saw it. Pursuant to this request, a traffic stop was made of the truck which resulted in the charge of

driving under the influence of alcohol against defendant.

At the hearing on the motion to suppress, Officer Smith testified that he did not observe the truck violate any traffic laws. He also testified that he thought that defendant "was involved in a drug purchase due to observations he has made in past situations."

In our view, Officer Smith had a reasonable suspicion that defendant was involved in criminal activity so that the stop of defendant was authorized under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Although the trial court found that Officer Smith did not observe any exchange of goods or money, nor view any frantic movement or immediate flight, defendant's actions of bringing to a halt what had been transpiring between him and the person with whom he was engaged, and distancing himself from that person and from the police when alerted to the latter's presence, was an objective manifestation of guilt.

There is no significant distinction between the facts in the case sub judice and those in other cases wherein we have held that flight upon the approach of patrolling police officers in high crime areas provided articulable suspicion for a *Terry* stop. *Harris v. State*, 205 Ga. App. 813 (1), 814 (423 SE2d 723). The trial court erred in granting defendant's motion to suppress evidence.

*Judgment reversed. Pope, C. J., Cooper and Andrews, JJ., concur. Beasley, P. J., concurs specially. Birdsong, P. J., Johnson, Blackburn and Smith, JJ., dissent.*

BEASLEY, Presiding Judge, concurring specially.

I concur, based on the analysis articulated plus the following. Although the trial court found that the officer did not observe any frantic movement or immediate flight, a cautious easing out of the location to allay suspicion could in fact arouse it. A reasonable inference is that the driver knew the policeman was watching, as the person on the street appeared to make a gesture alerting the driver to the police presence. Whether the driver's exit was "immediate" and hurried or not, one cannot overlook that the person who alerted him had been standing on the street corner in a known high crime and drug area at 2:00 a.m. when the business establishments were closed. Due to the circumstances, including the officer's observations in past situations, he suspected a drug transaction.

The totality of the circumstances is to be taken into account. They may not be, and likely will not be, identical to those in any other cases. The question is whether the circumstances in *this* case constitute a reasonable suspicion of a drug transaction in progress. " 'An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)' [Cit.]" *Evans v. State*, 183 Ga. App. 436, 438 (2)

(359 SE2d 174) (1987). The factual indicators were sufficient to support the officer's suspicion as a reasonable one, thus justifying a brief stop to determine whether or not what he suspected as fact, was indeed fact. The Fourth Amendment right against unreasonable seizures was not violated.

JOHNSON, Judge, dissenting.

I would affirm the trial court's grant of Savage's motion to suppress the intoximeter results. "Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops, and are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination." (Citations and punctuation omitted.) *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993). It is undisputed that the officers did not observe Savage committing any traffic violations. Moreover, while the officer testified that he thought that a drug transaction had taken place or was about to take place between Savage and the pedestrian, the fact that he did not observe any frantic movement, immediate flight, or the exchange of money or goods contradicted his suspicion. In my view, the reasons articulated by Smith for this suspicion simply did not justify a stop of the vehicle as a matter of law. In fact, the reasons given amounted to nothing more than a hunch. Compare *Polke v. State*, 203 Ga. App. 306, 309 (1) (417 SE2d 22) (1992) (where the defendant's flight justified an investigative stop); compare also *Jackson v. State*, 191 Ga. App. 439, 440 (1) (382 SE2d 177) (1989) (where the defendant's apparent concealment of something under the floorboard upon seeing police officers approach the car justified an investigative stop).

I am authorized to state that Presiding Judge Birdsong, Judge Blackburn, and Judge Smith join in this dissent.

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Kenneth W. Mauldin, Solicitor, Ralph W. Powell, Jr., Assistant Solicitor*, for appellant.

*McArthur & McArthur, John J. McArthur, Sara M. McArthur*, for appellee.