A94A2001. THE STATE v. HENDERSON.
(450 SE2d 288)

JOHNSON, Judge.
Willie J. Henderson was charged with possession of cocaine with intent to distribute, possession of marijuana with intent to distribute

and carrying a concealed weapon. Henderson filed a motion to suppress, claiming the arresting officer lacked probable cause to arrest him and search his car. The trial court granted Henderson's motion. The state appeals.

At the motion to suppress hearing, Officer R. K. Ellison testified he received a radio broadcast notifying officers to be on the lookout for a 1981 burgundy Buick, no tag available, occupied by several black males suspected of stealing the car and fatally shooting the car's owner. The broadcast was made approximately 25 minutes after the crime occurred. According to a communications supervisor for the police department, an updated lookout was broadcast within two minutes of the original transmission which stated the stolen car was a 1981 Buick LeSabre, any color from maroon to pink, with a broken taillight and occupied by six heavily armed black males. The updated message was broadcast to all cars in the area, although Officer Ellison did not remember if he heard it. About ten minutes after the radio broadcasts, the officer spotted two black males in a burgundy 1981 Buick Electra, a different model Buick and one without a broken taillight, approximately one mile from the crime scene. While following the car, the officer ran a computer check on the license plate. The computer showed the car as being a 1981 Buick Electra, and showed that the car was not stolen. The officer continued to follow the car until it pulled into a liquor store parking lot. The officer observed no traffic violations. Henderson, the driver, parked the car and he and his passenger went into the store. The officer, now accompanied by an unspecified number of back-up units, waited for the two to come out of the store. Upon coming out of the store, the two men walked in the opposite direction of the Buick. The officer stopped them and asked if they wanted their car. The officer's testimony as to Henderson's response conflicts. At the preliminary hearing, the officer testified that Henderson's response was that he would rather walk. At the suppression hearing, however, the officer testified that Henderson responded that the car was not his. Henderson and his passenger were immediately placed in the back seats of separate police cars. The officer admitted that at this point the two were in custody for the armed robbery and were not free to leave. About five minutes after placing the men in the police cars, the officer walked over to the Buick, which was about fifty feet away from the police cars, looked in the window, and saw the butt of a gun protruding from beneath an armrest. Using a slim-jim to enter the locked car, the officer searched the car and found a zippered pouch containing bags of cocaine and marijuana under the seat. Henderson was not involved in the armed robbery, though the officer testified that about 30 minutes passed before he realized it. Although the trial court's written order does not specify the basis for granting the motion to suppress, the trial judge stated at

the close of the suppression hearing the detention was not justified because there were only two persons in a car which the officer knew was not stolen, the car had a working taillight, and the driver committed no traffic violations.

The state contends the trial court erred in granting the motion to suppress because the officer had an articulable suspicion which justified his detention of Henderson. The state also argues the seizure of the gun was justified because it was in plain view. We disagree. It is true that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (Citations and punctuation omitted.) *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994). However, the plain view doctrine applies when the police officer had a prior justification for the intrusion in the course of which he came across the incriminating evidence. *State v. Bryant*, 203 Ga. App. 69, 70 (416 SE2d 368) (1992). The plain view doctrine will not support a warrantless search and seizure pursuant to an unlawful detention. See *Weeks v. State*, 206 Ga. App. 431, 433 (425 SE2d 421) (1992). Inasmuch as the gun was discovered after Henderson was placed under arrest and detained in the police car, the inquiry is whether that detention was lawful. See *Jackson v. State*, 191 Ga. App. 439, 441 (2) (382 SE2d 177) (1989).

The state claims Henderson's detention prior to the discovery of the gun merely amounted to a *Terry* stop for which only a reasonable articulable suspicion of criminal conduct is necessary. First, we do not agree that Henderson's detention was a *Terry* stop. The officer's testimony conclusively establishes that it was a full arrest. A *Terry* stop involves a limited detention in order to identify the suspect, frisk him if necessary and conduct limited questioning. *McCarr v. State*, 197 Ga. App. 124, 125 (2) (397 SE2d 711) (1990). Detention beyond that is an arrest. Id. We have also held that "[a]n arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." (Citation and punctuation omitted.) *Jackson*, supra at 441 (2). Here, Henderson was placed in the back seat of a police car. Officer Ellison himself testified that Henderson was not free to leave at that point. Considering the totality of the circumstances, Henderson was arrested when he was placed in the back seat of the police car. See *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). An arrest, to be constitutional, must be supported by probable cause. *Jackson*, supra at 440 (2). Probable cause exists where the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent person in believing the person suspected had committed or was committing an offense. See *Mitchell v. State*, 200 Ga. App. 146, 147 (1) (407 SE2d 115) (1991). Based on the facts known to the officer — that

Henderson's car was not stolen, that it was an Electra rather than a LeSabre, that it had working taillights, and that it was occupied by only two men — a prudent person would not believe that Henderson committed the armed robbery. Henderson was arrested without probable cause. Because the plain view doctrine will not support a seizure following an unlawful detention, the evidence was properly excluded. See *Weeks*, supra at 433-434.

Even if we accepted the state's argument that the detention amounted to a *Terry* stop, it was nonetheless unreasonable. A *Terry* stop must be justified by specific and articulable facts which reasonably warrant that intrusion. *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994). While the fact that Henderson's car was a burgundy 1981 Buick may have perhaps amounted to specific articulable facts authorizing a brief detention, the officer also had specific articulable facts which made the intrusion unreasonable. The one fact which most clearly demonstrates the unreasonableness of the intrusion is that the officer knew Henderson's car was not stolen. He also knew the make was different, the taillight was not broken and the number of occupants varied from the description given in the radio transmission. We realize the car stopped need not exactly match the description given in a police radio dispatch. *Morgan*, supra at 735 (3). However, the discrepancies between the car sought and the car driven by Henderson were so significant that a prudent person would have known that Henderson's was not the car stolen in the armed robbery. "When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision." (Citation omitted.) Id. Based on the foregoing, there was a substantial basis for the trial court's decision.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur in judgment only.*

DECIDED NOVEMBER 14, 1994.

*J. Tom Morgan, District Attorney, Fran W. Shoenthal, Assistant District Attorney*, for appellant.
*Dennis R. Scheib, Thomas R. Moran, Jr.*, for appellee.