72845. LITTLE v. THE STATE.
(349 SE2d 248)

</div>

POPE, Judge.

Larry Little appeals from his conviction of 35 counts of forgery in the second degree, three counts of entering an automobile and one

count of contributing to the delinquency of a minor.

1. Appellant contends that the trial court erred in denying his motion to suppress certain items which were admitted in evidence during the trial. These items, including stolen credit cards, imprinted checks and receipts, were seized from an automobile parked in the Forsyth County Courthouse parking lot which Little and his co-defendant, Nora Mincey, had driven there when they were arrested on multiple forgery warrants on February 19, 1985. Appellant had rented the car from Billy Howell Ford Company. However, Nora Mincey testified that she had asked Little to rent the car for her because she had no driver's license, and that she had provided the money for the rental payment. She further testified that she had possession of the car and that appellant rode in it only "every now and then." At the time of their arrest, Ms. Mincey had her two young children with her and she made arrangements at the jail with an unidentified woman to care for them in her absence. Ms. Mincey told this woman that some of the things the children would need such as clothing and baby food were in the rented car and would have to be removed.

The rental contract for the car expired on February 7, 1985, and when the car was not brought back to Billy Howell Ford for inspection as requested, their employee Diane Carnes asked the sheriff's department in the event the car was recovered to hold it and contact her, which was done. A deputy sheriff obtained the keys to the car either from appellant or the book-in officer and, accompanied by Ms. Carnes and the babysitter, opened the car and retrieved the items needed by the children. Ms. Carnes took the car and its equipment back to Billy Howell Ford and the deputy sheriff retained all the other articles, except for "a lot of garbage in the floorboard."

Appellant argues that such a warrantless search without his permission violated his interest in the privacy of the vehicle and was thus illegal. We do not agree. The Supreme Court established in *United States v. Salvucci*, 448 U. S. 83 (100 SC 2547, 65 LE2d 619) (1980), that "Fourth Amendment rights are personal and may not be asserted vicariously. An illegal search violates the rights only of those who have a legitimate expectation of privacy in the invaded place." *Butler v. State*, 159 Ga. App. 895, 897 (285 SE2d 610) (1981). Appellant did not own the car, but had rented it on behalf of his girl friend at her request; she made the rental payments. Ms. Mincey maintained possession of the car and used it, while appellant rode in it only occasionally. Moreover, there was both an implied consent to open the car from Ms. Mincey, who may have had a legitimate expectation of privacy in its contents, as well as an express authority in the agent of the vehicle's owner to re-take possession of it under the contract of rental. This enumeration is without merit. Cf. *Gilbert v. State*, 159 Ga. App. 326 (1) (283 SE2d 361) (1981).

2. Appellant's assertion that the trial court improperly recharged the jury upon request on the form of the verdict is without basis. The portion complained of, in which the court instructed the jury that if they "should find and believe beyond a reasonable doubt that the Defendant did not . . . commit the [crimes], you would be authorized to find the Defendant guilty . . . ," was an obvious, inadvertent slip of the tongue. The true meaning was clear from the context of the charge as a whole and was thus not misleading. Accord *Harris v. State*, 191 Ga. 243 (18) (12 SE2d 64) (1940); *Morton v. State*, 86 Ga. App. 764 (2) (72 SE2d 548) (1952).

3. Appellant complains that the trial court should have instructed the jury that verdicts of acquittal had been directed on several counts of the indictment, rather than charging that these counts were "withdrawn from your consideration and disposition. . . ." Appellant has neither alleged nor made any showing of how this phraseology harmed him in any way, and we find no reversible error.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 2 and 3 and in judgment.*

DECIDED SEPTEMBER 18, 1986.
Forgery, etc. Forsyth Superior Court. Before Judge Gault.
*Harry M. Moseley*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.