## 74944. WADE v. THE STATE.
### (360 SE2d 647)

DEEN, Presiding Judge.

On March 4, 1986, the appellant, Wade, was walking near the Kings' Motor Inn, where he was residing at the time. Because Wade matched the description of a rape suspect believed to be in the area, he was stopped by two Clayton County deputy sheriffs for questioning. The deputies, apparently with Wade's consent (although there is some conflict in the testimony), took from him the small blue "Crown Royal" fabric bag he was carrying. Wade was patted down for any possible weapons by one deputy. The other deputy searched the bag, allegedly without first obtaining Wade's consent (again, the testimony is conflicting).

The bag was found to contain various drug paraphernalia, including a small glass pipe, a spoon, an Arm & Hammer Baking Soda box with a white substance inside, several razor blades, a broken coathanger, and a bottle containing some dirty pieces of cotton and a small amount of alcohol. Both officers testified that they did not notice any signs of intoxication, either drug- or alcohol-induced, at the time of the arrest. The contents of the bag were sent to the crime lab for testing. The residue of a white substance contained in the glass pipe tested positive for cocaine; but the residue on the spoon tested negative, and the white substance in the Arm & Hammer box was determined to be baking soda.

Wade was taken to the scene of the rape, where the victim stated that appellant was not the perpetrator of the crime. Only after the appellant was exonerated as the rape suspect was he arrested for drug trafficking.

Appellant filed a motion to suppress the evidence found in the bag, and testified at trial that, just prior to his detention, he had seen the bag lying beside the path and had picked it up. This motion was denied. Subsequently, appellant was found guilty by a jury of possession of cocaine. He appeals on the ground that the trial court erred in denying his motion to suppress. *Held*:

Our scrutiny of the entire record, including the trial transcript, persuades us that the search of the bag was a lawful search conducted for the purpose of protecting the police officers from possible attack with weapons that might have been concealed in the bag or, possibly, inside some object (e.g., the baking soda box) within the bag. OCGA § 17-5-1 (a) (1); see also, e.g., *Martasin v. State*, 155 Ga. App. 396 (271 SE2d 2) (1980). The reasonableness of the search is a question for the trial court, not the appellate court, *Meneghan v. State*, 132 Ga. App. 380 (208 SE2d 150) (1974); moreover, the motivation for a search made under OCGA § 17-5-1 is irrelevant. *Carson v. State*, 241 Ga. 622 (247 SE2d 68) (1978). Furthermore, when, as in the instant case, the

accused disavows ownership of the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right. See, e.g., *Little v. State*, 180 Ga. App. 359 (349 SE2d 248) (1986). The incidental seizure of evidence of contraband materials, though not directly related to the offense for which the accused was initially stopped, is lawful. OCGA § 17-5-1 (b); *Denson v. State*, 159 Ga. App. 713 (285 SE2d 69) (1981). The trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Linda S. Cowen*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.