## 77141. DEYCH v. THE STATE.
### (374 SE2d 753)

DEEN, Presiding Judge.

The appellant, Mikhil Deych, was convicted of trafficking in cocaine, for which he was sentenced to 30 years' imprisonment and a $500,000 fine. On appeal, he contends that the trial court erred (1) in denying his motion to suppress the evidence seized when Drug Enforcement Administration officers searched him and his luggage at the Atlanta Hartsfield International Airport, and (2) in charging the jury on constructive possession.

On July 17, 1986, DEA agent Paul Markonni approached Deych at the airport because Deych's situation matched various aspects of the "drug courier profile." At the suppression hearing, Markonni testified that Deych consented to the search of his person and a briefcase which they retrieved from the overhead compartment in the airplane. Markonni also observed a claim check in Deych's wallet, but Deych claimed that the luggage was not his and gave Markonni the claim check. The officers then searched Deych and found a small vial containing cocaine in his pocket, and arrested him.

Markonni obtained the luggage with the claim check and asked Deych if it belonged to him, to which Deych replied that he had better talk with a lawyer. Markonni acknowledged Deych's right, and Deych reiterated that the luggage was not his. Markonni inquired if Deych wanted to talk about it, and again Deych indicated that he thought that he should first talk with a lawyer. When Markonni then proceeded to make arrangements for the use of a narcotics-sniffing dog, Deych again disclaimed the luggage; he also indicated that he was merely delivering the bag to a person in Denver for someone he had met in Miami, and that he had no interest in the luggage except for some pants, cigarettes, and a pager he had placed in it. At that time, Deych told Markonni that he did not care if the bag were searched. The subsequent search of the bag uncovered approximately 500 grams of cocaine. *Held*:

1. Concerning the search of Deych's person, the only question presented by this appeal is the factual one of whether Deych consented to the search. This court must accept a trial court's rulings on

disputed facts and credibility at a suppression hearing, unless those findings are clearly erroneous. *Smith v. State*, 184 Ga. App. 304 (1) (361 SE2d 215) (1987). In the instant case, the evidence authorized the trial court's finding that Deych had freely and voluntarily consented to the search of his person.

Concerning the search of the luggage, at all times, both before and after Deych was arrested, Deych denied any ownership interest in the bag. "[W]hen, as in the instant case, the accused disavows ownership of the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right. [Cit.]" *Wade v. State*, 184 Ga. App. 97, 97-98 (360 SE2d 647) (1987). Accordingly, the trial court properly denied Deych's motion to suppress.

2. After defining actual and constructive possession, the trial court instructed the jury that "[y]ou would be authorized to convict only if you should find beyond a reasonable doubt that this defendant knowingly had actual or constructive possession of the cocaine described in the indictment or that he was knowingly bringing it into this state." Deych contends that under *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), this jury instruction constituted reversible error because it authorized a jury to convict him based on a finding that he was in constructive possession of the cocaine, whereas the offense of trafficking in cocaine (OCGA § 16-13-31 (a)) requires actual possession. We are constrained to agree. Compare *Raines v. State*, 186 Ga. App. 239 (4) (366 SE2d 841) (1988). A new trial is required.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988—
REHEARING DENIED OCTOBER 24, 1988—CERT. ▬▬▬▬

*Brooks S. Franklin*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.