A89A1204. RAGIN v. THE STATE.
(385 SE2d 770)

SOGNIER, Judge.

Joseph Napoleon Ragin was convicted in a nonjury trial of trafficking in cocaine, speeding, driving without a valid driver's license, and giving a false name to a law enforcement officer, and he appeals from the trafficking conviction.

1. In five enumerations of error appellant challenges the sufficiency of the evidence and the trial court's denial of his motions for a directed verdict of acquittal.

Construed to uphold the verdict, the record reveals that on the night of June 6, 1987, Corporal W. D. Jones of the Georgia State Patrol was operating stationary radar on Interstate 95 when he clocked a 1983 Lincoln traveling at 76 mph in a 55 mph zone. Corporal Jones testified that when he pursued and stopped the car, appellant, who was driving, gave him a driver's license issued to Arthur L. Gantt, which Jones concluded was false because the photograph on the license did not resemble appellant. Jones also testified that as appellant searched his pockets for the license, he pulled out "the biggest fold of cash money I've ever seen on a person," and that appellant was unable to produce proof of ownership of the car. Corporal Jones cited appellant for speeding and then called for backup because he had become suspicious the car might be stolen. Sergeant J. R. Beaver and Trooper Barry Alan Riner arrived, and after obtaining inconsistent versions of their travel plans from appellant and his passenger, Mary Margaret Thompson, the officers requested permission to search the car, which they testified appellant readily gave, telling them the car did not belong to him. The officers testified that upon searching the trunk after appellant unlocked it for them, they found no contraband, but they noticed the screws on the interior door panels appeared to be nonstandard, and found behind the panel on the front passenger door a package containing what later proved to be one kilogram of 71.3 percent pure cocaine. Appellant and Thompson were arrested, and appellant's urine test taken later at the station was

positive for cocaine and marijuana.

Appellant testified that he borrowed the car from his nephew to drive from South Carolina to Jacksonville to pick up his brother Robert and return to South Carolina for the funeral of another brother. Appellant admitted having been a user of cocaine, but disavowed any knowledge of the cocaine found in the door panel. He also testified that he was carrying approximately $8,000 in cash, which he said he received in a settlement of a lawsuit arising from the loss of his leg in an industrial accident, to assist his family in paying for the brother's burial expenses. Family members corroborated appellant's testimony that the car belonged to appellant's nephew and that appellant's trip was for the purpose of taking his brother to the funeral. At trial Thompson likewise confirmed appellant's testimony regarding the funeral and their intended destination.

Appellant contends the evidence was not sufficient to show that he was knowingly in actual possession of cocaine as required by OCGA § 16-13-31 (a) (1) prior to its amendment. See Ga. Laws 1988, p. 420, § 2 (effective March 28, 1988). We do not agree, " 'for we have held that a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. . . . Although (appellant) testified (he) knew nothing about the (cocaine), (his) credibility was a question for the [trier of fact]. . . .' " (Citations omitted.) *Reed v. State*, 186 Ga. App. 539-540 (367 SE2d 809) (1988). The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of trafficking in cocaine. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Coop v. State*, 186 Ga. App. 578, 580 (2) (367 SE2d 836) (1988).

2. Appellant also contends the trial court erroneously denied his motion to suppress because he did not consent to the search of the car.

The search occurred after a lawful stop for a traffic violation, *Partridge v. State*, 187 Ga. App. 325-326 (1) (370 SE2d 173) (1988), and after the officers learned appellant had no valid driver's license or proof of ownership of the vehicle. Although appellant testified the officers did not request his permission to search the car and that he did not consent to a search, "[t]his court must accept a trial court's rulings on disputed facts and credibility at a suppression hearing, unless those findings are clearly erroneous. [Cit.] In the instant case, the evidence authorized the trial court's finding that [appellant] had freely and voluntarily consented to the search of [the car]." *Deych v. State*, 188 Ga. App. 901-902 (1) (374 SE2d 753) (1988). Further, as appellant disavowed ownership of the car, he had no expectation of privacy and thus the search violated no constitutional right. Id. at 902 (1); see *Little v. State*, 180 Ga. App. 359, 360 (349 SE2d 248) (1986). Accordingly, we find no error in the trial court's ruling on the motion to

suppress.
   *Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989.

Nathan & Nathan, *Ivan H. Nathan,* for appellant.
   Dupont,K. *Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney,* for appellee.