A89A2238. RANDALL v. THE STATE.
(390 SE2d 74)

BANKE, Presiding Judge.

On appeal from his conviction of trafficking in cocaine, the appellant contends that the trial court erred in denying his motion to suppress the contraband upon which his conviction was based.

An automobile being driven by the appellant was stopped at a roadblock which had been set up by the county sheriff, a state trooper, and a Georgia Bureau of Investigation agent to check the driver's licenses and vehicle registration papers of passing motorists. The appellant concedes in his brief on appeal that his initial detention at this roadblock was proper and authorized. In response to a request by the sheriff for the registration papers on his vehicle, the appellant produced a Florida rental car contract. The sheriff then directed the appellant to pull to the side of the road, handed the papers to the trooper, and asked him to examine them. The trooper testified that upon talking to the appellant and examining the papers, he determined that the appellant was not listed thereon as an authorized driver but that he was accompanied by a passenger, Kenneth McQueen, who was so listed. The trooper stated that he asked the appellant and McQueen for permission at this time to conduct a search of the vehicle and that they agreed, whereupon, prior to commencing such a search, he conducted a protective search of their persons "to make sure whether or not they [had] any weapons on them." The search of McQueen's person resulted in the discovery of 74.8 grams of

cocaine, plus a small amount of marijuana, while the search of the appellant's person resulted in the discovery of only 0.3 grams of cocaine.

The two men were jointly indicted on charges of trafficking in cocaine and possession of marijuana. McQueen pled guilty to both charges and appeared as a witness for the state at the appellant's trial. He testified that he and the appellant had pooled their resources to purchase the cocaine and had planned to deliver it to a friend in Ashburn, Georgia, who "was going to sell it for us." The appellant denied any knowledge of the cocaine found in McQueen's possession and testified that the 0.3 grams of cocaine found in his possession had been given to him by a friend for a toothache, with the representation that it was Novocaine. The jury found the appellant guilty of trafficking in cocaine but not guilty of possessing the marijuana. *Held*:

" 'The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387).' " *Delgado v. State*, 192 Ga. App. 356, 357 (384 SE2d 680) (1989). Because the appellant disavowed any possessory or ownership interest in the 74.8 grams of cocaine found on McQueen's person, it follows that he had no standing to complain of its seizure. See *State v. Peabody*, 247 Ga. 580, 581, fn. 5 (277 SE2d 668) (1981). With respect to the 0.3 grams of cocaine seized from the appellant's person, we hold that, in the context of the other evidence in the case, there is no reasonable possibility that the admission of this evidence contributed to his conviction of trafficking in cocaine (see OCGA § 16-13-31 (a)) and that the trial court's refusal to suppress it, if error, was consequently harmless beyond a reasonable doubt. See generally *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594) (1981).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 2, 1990.

*Jay P. Wells*, for appellant.
*John R. Parks, District Attorney*, for appellee.