## A93A0487. JOHNSON v. THE STATE.
### (431 SE2d 737)

JOHNSON, Judge.

Douglas Johnson, Mark Brooks and Donald Gravitt were charged with conspiracy to possess methamphetamine with intent to distribute, attempt to possess methamphetamine with intent to distribute and possession of a firearm during the commission of a felony.

At their joint trial, the State presented evidence showing that a broken package containing methamphetamine arrived at the Federal Express Shipping Service office in Gainesville, Georgia. The package, addressed to Gravitt, was sent from San Bernardino, California. Federal Express contacted the police, who had an officer pose as a Federal Express employee to make an undercover delivery of the package. When the officer arrived at Gravitt's residence, Johnson and Brooks were standing outside the house waving at the Federal Express van. As Brooks approached the van to receive the package, Johnson monitored a police scanner that was in a pickup truck. Brooks signed Johnson's name on the receipt form for the package and stated that the package was supposed to have been sent to Gravitt in care of Johnson. At that point, Gravitt arrived and also signed for the package. The undercover officer and two other officers then arrested all three defendants. The police removed a loaded gun from Johnson's pants pocket. Johnson then said to Brooks and Gravitt, "Don't lie to them; they know what's going on." Johnson was also found to be in possession of a small spiral notebook containing Brooks' name and pager number, the telephone number for the Gainesville Federal Express office, several Federal Express tracking numbers and several telephone numbers from the San Bernardino area code.

Gravitt testified that he had previously agreed to let Brooks, who had done landscaping work for him, have a package of landscaping contracts delivered to his house. On the date of the incident, however, Gravitt was not expecting Johnson or Brooks to be at his home, he was not expecting a Federal Express package and he did not know the contents of the package delivered. Gravitt also presented several character witnesses. Johnson and Brooks did not testify or present any witnesses.

The trial court granted a directed verdict of acquittal to Gravitt. The jury returned a guilty verdict against Johnson and Brooks as to all three crimes charged. The court ruled that the charge of attempt to possess methamphetamine with intent to distribute merged into the conspiracy charge as a matter of fact. The court denied the motions for new trial of Johnson and Brooks. Johnson appeals from his convictions and the denial of his motion for a new trial.

1. Johnson's challenge to the sufficiency of the evidence is without merit. A review of the evidence in the light most favorable to the jury's verdict shows that a rational trier of fact could have found Johnson guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Johnson's argument that the State's circumstantial evidence failed to exclude his hypothesis that he was merely present at Gravitt's house to do landscaping work is also unpersuasive. "[I]t is well settled that in an entirely circumstantial case, the question

whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. [Cits.] The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind. [Cit.] Moreover, in every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury. [Cit.]" *Adams v. State*, 187 Ga. App. 340, 344 (1) (370 SE2d 197) (1988). Because the jury's finding in the instant case is not insupportable as a matter of law or outside the proven facts, we shall not disturb it. See *Livingston v. State*, 193 Ga. App. 502, 503-504 (2) (388 SE2d 406) (1989).

2. Johnson's contention that the court erred in denying his motion to sever his trial from that of Brooks and Gravitt is without merit. "When two or more defendants are jointly indicted for a non-capital felony, such defendants may be tried jointly or severally, in the discretion of the trial court. OCGA § 17-8-4. The burden is on the defendant requesting a severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Citations and punctuation omitted.) *Barnett v. State*, 204 Ga. App. 491, 495 (2) (b) (420 SE2d 43) (1992). Johnson has not made such a showing; he has complained, but has not shown by the record, that the joint trial created confusion of the evidence and law applicable to each defendant, that the evidence admitted against Brooks and Gravitt was considered against him despite cautionary instructions and that the defendants' defenses were antagonistic. The trial court did not abuse its discretion in denying Johnson's motion to sever. See *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308) (1992); *Cheeks v. State*, 203 Ga. App. 47, 48 (2) (416 SE2d 336) (1992).

3. Johnson contends that the court's denial of his motion to suppress evidence of the methamphetamine due to lack of standing was erroneous. "The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously." (Citations and punctuation omitted.) *Randall v. State*, 194 Ga. App. 153, 154 (390 SE2d 74) (1990). "When, as in the instant case, the accused disavows ownership of the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right." (Citations and punctuation omitted.) *Deych v. State*, 188 Ga. App. 901, 902 (1) (374 SE2d 753) (1988). Johnson disavows

any possessory or ownership interest in the package in which the drugs were found. He therefore has no standing to complain of its seizure. The trial court did not err in denying his motion to suppress.

4. Johnson claims that the trial court erred in denying his motion for a mistrial because the prosecutor's remarks during closing argument that the defendants had not offered any reasonable hypothesis of innocence and had not presented any evidence to rebut the State's circumstantial evidence impermissibly shifted the burden of proof to Johnson. "Though the prosecutor may not comment on a defendant's failure to testify, it is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the State." (Citations, punctuation and emphasis omitted.) *Martin v. State*, 193 Ga. App. 581, 585 (4) (388 SE2d 420) (1989). Here, the prosecutor made no reference to the fact that Johnson did not testify, he simply commented on the defendant's failure to rebut the State's proof. The prosecutor's comments were proper and did not shift the burden of proof to Johnson. "The trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Citations and punctuation omitted.) *Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108) (1991). Since the trial court did not manifestly abuse its discretion in denying Johnson's motion for a mistrial, its ruling will not be controlled by this court.

5. In his final enumeration of error, Johnson contends that the court erred in denying his motion for a new trial. He lists eight grounds upon which the motion was based. Four of those grounds, which pertain to his motions to sever and suppress and the sufficiency of the evidence, have already been ruled upon in Divisions 1, 2, and 3 of this opinion. The remaining four grounds address the admission and exclusion of certain evidence by the trial court and the State's alleged failure to produce exculpatory material. Because none of these four grounds is supported by argument, citation of authority or proper reference to the record, they are deemed abandoned. Court of Appeals Rule 15 (c).

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only. Smith, J., disqualified.*

DECIDED MAY 26, 1993.

*Michael O. Horgan*, for appellant.

*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.