A93A2248. HENDERSON v. THE STATE.
(438 SE2d 181)

BIRDSONG, Presiding Judge.

Walter Lewis Henderson appeals his judgment of conviction and sentence of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. The trial court denied appellant's suppression motion. Subsequently, appellant was found guilty by the trial judge in a bench trial in which the parties stipulated to evidence and the trial court took judicial notice of the suppression motion hearing transcript at the parties' joint request. *Held*:

1. The case citations in appellant's brief are not in compliance with Court of Appeals Rule 11 (c).

2. Appellant asserts the trial court erred in denying the suppression motion on the grounds appellant lacked standing to contest the

search and that probable cause existed therefor. Pretermitting the issue of probable cause is whether appellant has standing to contest the search and subsequent seizure of the contents of the bag. We hold appellant does not have standing.

"[I]t is our obligation on appeal to construe the evidence most favorably to support the trial court's ruling [on the suppression motion]." *State v. Corley*, 201 Ga. App. 320, 321 (411 SE2d 324) (physical precedent only); see *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). At the suppression hearing, the evidence concerning the circumstances surrounding the search was conflicting regarding whether appellant claimed any legal or equitable interest in the car and bag. " 'Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal.' " *State v. Davis*, 261 Ga. 225, 226 (404 SE2d 100).

The trial court concluded that appellant "doesn't have any standing to contest the search of a car that he says is not his." Investigator Gresham of the county sheriff's department testified that, although appellant had denied permission to retrieve the bag from the car unless the investigator obtained a warrant, appellant also denied ownership of the car claiming it was owned by his cousin. Appellant further told the investigator that he did not know where his cousin was; and in response to a question as to how long the car had been at its current location, replied: "I don't know, like a few days." The trial court could reasonably infer from this testimony that appellant was denying any legal or equitable interest in, or right of temporary possession of, the car. The investigator also testified that, when asked what he had thrown into the car, appellant replied "nothing." When the investigator asked "what is in the bag," appellant said, "what bag." The trial court could reasonably infer from this testimony that appellant was, in fact, denying any legal or equitable interest in, or right of temporary possession of, the bag. Inherent in the trial court's finding of appellant's lack of standing is its determination that the investigator's testimony was more credible than that of appellant and his third-party witness, and the court's finding of fact that appellant denied any legal or equitable interest in, or right of temporary possession of, both the car and the bag at the time of the search and seizure.

" 'The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously.' (Citations and punctuation omitted.) *Randall v. State*, 194 Ga. App. 153, 154 (390 SE2d 74). 'When, as in the instant case, the accused disavows ownership of [or other legitimate possessory interest in] the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right.' (Citations and punctuation omitted.) *Deych v. State*, 188 Ga. App. 901, 902 (1) (374 SE2d 753). [Appellant] disavows any possessory or ownership interest in the

[bag] in which the drugs were found. He therefore has no standing to complain of its [search and the] seizure [of its contents]. The trial court did not err in denying his motion to suppress." *Johnson v. State*, 208 Ga. App. 747, 749-750 (3) (431 SE2d 737).

This case is factually distinguishable from *State v. Corley*, supra, where appellee who was a legitimate passenger in the vehicle in question affirmatively asserted a legitimate interest in the item being searched — a drawstring bag apparently brought with appellee into the vehicle and placed on the front seat within arm's reach.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 22, 1993.

*Franklin, Moran & Boyle, Brooks S. Franklin*, for appellant.
*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.