### A96A0940. CARTER v. THE STATE.
(474 SE2d 240)

BEASLEY, Chief Judge.

Tyrone Carter appeals his conviction and sentence for trafficking in cocaine. OCGA § 16-13-31.

United Parcel Service employees in California notified a local police sergeant that they had two suspicious packages at their warehouse. The sergeant also observed a third suspicious package at the site in a next-day air bin, which is the type of mail the officer generally investigates. His attention was drawn to this package because the return address was incomplete, the zip code was incorrect, the package was from a "Mr. Lee" to a "Lee," and its valuation was low

relative to the shipping cost. The package was being sent to an Atlanta apartment leased by a Bryant Jordan.

A narcotics detection dog, brought to the warehouse within minutes, sniffed the package and reacted positively to it. The package was then sent along its normal route. The officer in California notified a DeKalb County narcotics detective and faxed written documentation of the California investigation to him.

The narcotics detective arranged for another narcotics dog to sniff the package after its arrival in Georgia. That dog also reacted positively, so the detective obtained a search warrant and found 1,977 grams of cocaine with a purity of 72 percent. After resealing the package, officers made a controlled delivery to the Buford Highway apartment.

Carter answered the UPS delivery person's knock at the door. When asked whether he was "Lee," Carter said he was not but that he would accept delivery of the package for him. Officers arrested Carter a few minutes later, in his car with the package in the trunk.

The evidence showed that Bryant Jordan and Tiante Kelly live at the apartment. Defendant Carter's testimony, supported by that of Kelly and another defense witness, was that Kelly agreed to let Carter sleep at the apartment the night preceding his arrest; a friend of Kelly's named William Lee was expecting a package the next morning; and Carter, the only one at the apartment at the time, agreed to accept delivery as a favor for Kelly and did not have any knowledge of its contents.

1. Carter enumerates first the court's denial of his motion to suppress. He characterizes the California police sergeant's observation of the package at the UPS warehouse as a random search and the officer's detention of the package for the purpose of having a drug dog sniff it as a seizure. This, he urges, violated the Fourth Amendment because the search and seizure were done without probable cause and a warrant. Carter has not raised a state constitutional issue. See *Thomas v. State*, 203 Ga. App. 529, 530 (1) (417 SE2d 353) (1992).

In reliance upon *Johnson v. State*, 208 Ga. App. 747, 749 (3) (431 SE2d 737) (1993), the State argues in error that Carter lacks standing to challenge any search or seizure of the package. In *Johnson*, one judge of the three concurred in the judgment only. For that reason, it is not binding authority and is physical precedent only. Court of Appeals Rule 33 (a). Moreover, it is factually distinguishable, in that Johnson disavowed any possessory or ownership interest in the package in which the drugs were found. Carter disclaimed any ownership interest but did claim a lawful possessory interest.

Assuming without deciding that Carter has standing, the police did not conduct an illegal search or seizure.

"[A package], unlike a person, has no fourth amendment rights.

The fourth amendment, accordingly, is implicated only when a police seizure of an item impairs a person's possessory interest, or a search impairs a person's reasonable privacy interest in the item. . . . The fourth amendment applies to places and things only when people have reasonable privacy or possessory interests in them. [Cits.]" (Footnote omitted.) *United States v. Puglisi*, 723 F2d 779, 785-786 (7) (11th Cir. 1984).

Any expectation of privacy in the exterior of the package was relinquished by the sender's transfer of possession to UPS. Cf. *United States v. Goldstein*, 635 F2d 356, 361 (4) (5th Cir. 1981); compare *State v. Escobar*, 193 Ga. App. 535 (388 SE2d 534) (1989) (citing *Arizona v. Hicks*, 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987)). The California officer's observation of the package's exterior at the UPS warehouse at the invitation of UPS employees thus did not impair anyone's reasonable privacy interest in the package. Nor did the officer's removal of the package from one area of the warehouse to another for an immediate sniff by a drug dog impair anyone's possessory interest, because it was not in a place over which anyone other than UPS had control. The use of the dogs' enhanced olfactory sense to sniff for the presence of drugs in the airspace surrounding the package did not constitute a search within the meaning of the Fourth Amendment. *Bothwell v. State*, 250 Ga. 573, 579 (6) (300 SE2d 126) (1983) (citing *United States v. Goldstein*, supra); *State v. Foster*, 209 Ga. App. 143, 146 (433 SE2d 109) (1993). It was a non-invasive "plain smell," not a search within the meaning of the Fourth Amendment. The dogs' positive reaction to the presence of drugs in the package, along with the other facts present, supplied the Georgia officer with the requisite probable cause to seek a warrant to search the package. *Bothwell*, supra at 580 (7).

2. Carter contends secondly that the court erred in charging the jury that the evidence apparently included a controlled substance.

Carter objected to this as an expression of an opinion by the court as to what the State had proved. The court responded with a curative instruction in which the jury was told to disregard the earlier charge and determine for itself whether the substance in the package was cocaine. The court asked whether there were any further exceptions, and Carter said there were none.

On appeal, Carter argues that the court's initial instruction prejudiced him in a manner which curative instructions were insufficient to remove. He waived this issue by failing to object to the court's curative instruction. See *Lewis v. State*, 215 Ga. App. 161, 163 (4) (450 SE2d 448) (1994). Furthermore, his argument lacks merit. Carter did not contest the fact that the substance in the package was cocaine. An expression of opinion as to an uncontested and undisputed fact is not a cause for reversal. *Dixon v. State*, 196 Ga. App. 15,

18 (7) (395 SE2d 577) (1990). Consequently, the initial instruction did not cause Carter incurable prejudice.

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED JULY 18, 1996.

*Daniel B. Kane*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Lee A. Mangone, Desiree S. Peagler, Assistant District Attorneys*, for appellee.