## A96A2207. D'ANGELO v. THE STATE.
(479 SE2d 384)

BLACKBURN, Judge.

A Screven County jury convicted Campanello D'Angelo of possession of cocaine. OCGA § 16-13-30 (b). In this appeal, he claims the trial court erred by denying his motion to suppress and by rejecting his motion for mistrial, which was based on remarks the prosecutor made in her opening statement. As his arguments are without merit, the judgment is affirmed.

1. D'Angelo moved to suppress the cocaine officers found in his possession, and the court held an evidentiary hearing on that motion. However, nothing in the record indicates the trial court ruled on the motion, and this evidence was admitted without objection. Therefore, on appeal we presume the trial court denied the motion and address D'Angelo's argument that officers had insufficient reason to stop him or to search him.[1] "On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made." (Punctuation omitted.) *Beck v. State*, 216 Ga. App. 532, 534 (1) (455 SE2d 110) (1995).

---

[1] But see *Boston v. State*, 185 Ga. App. 740, 741-742 (2) (365 SE2d 885) (1988) (because the defendant had not obtained a ruling on his motion to suppress, this Court had nothing to review).

Thus construed, the evidence showed that Sylvania Police Officer McKinney received a late-night call from an informant he considered very reliable. This informant, whose information had led to three arrests and seizures of contraband in the previous six months, told Officer McKinney that he had just seen D'Angelo in possession of cocaine. According to the informant, McKinney would find D'Angelo at a specified residence but that he would be leaving that residence to go to a nearby mill to catch a ride home. McKinney was already familiar with D'Angelo, and he went with another officer, Lairscy, to the residence. From a hiding place, McKinney saw D'Angelo enter the house. A few minutes later D'Angelo left on foot, calling to someone in the house that he "had to get to [the mill] and catch his ride." According to the officer, the mill was a few blocks away.

McKinney radioed Lairscy, who pulled her patrol car beside D'Angelo, called his name, and asked him to stop. He would not, nor would he comply with her request to put his hands where she could see them, and he kept walking towards the rear of her car. As Officer McKinney approached on foot and reached to restrain D'Angelo, the defendant threw a paper bag he was carrying into the ditch. A bottle came out of the bag. The officer picked it up and found what was later shown to be cocaine.

At a minimum, the information upon which these officers acted was sufficient to create a reasonable, articulable basis for stopping D'Angelo. Officer McKinney's testimony showed the confidential informant had given reliable information on several occasions, and the officer saw and heard for himself that the informant could accurately predict D'Angelo's activities that evening. See *Stanley v. State*, 213 Ga. App. 95, 96 (443 SE2d 633) (1994) (tip which is sufficiently detailed to predict suspect's future behavior may create reasonable suspicion to support an investigatory stop where officer can corroborate informant's predictions). As in *McFadden v. State*, 218 Ga. App. 327, 328 (1) (461 SE2d 542) (1995), this information gave officers the right to momentarily detain and question D'Angelo based on a "fair probability" that he was carrying cocaine. D'Angelo's refusal to comply with Officer Lairscy's requests could be construed as an attempt to leave the scene, adding another basis for the officers' suspicions. See *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416 SE2d 531) (1992) (suspect's attempt slowly to leave the scene was assessable as flight). Furthermore, because D'Angelo threw away the bag containing the cocaine when Officer McKinney approached him, the trial court was authorized to find that the cocaine was not seized as the result of a search but was instead abandoned before D'Angelo submitted to the officer's request to stop. See *Anderson v. State*, 209 Ga. App. 676, 677 (434 SE2d 122) (1993); accord *Smith v. State*, 217 Ga. App. 680 (2)

(458 SE2d 704) (1995). Additionally, on facts similar to those at hand, this Court has found not only grounds for momentary detention, but also probable cause to search. *Pittman v. State*, 208 Ga. App. 211, 219 (7) (430 SE2d 141) (1993). Therefore, the trial court did not err in refusing to suppress the cocaine.

2. Neither did the trial court err by failing to grant a mistrial when the prosecutor, in her opening statement, referred to the "drug problem" in America and said D'Angelo was part of that problem. Without any objection, the trial court instructed the State to discuss only the evidence to be presented and not to argue. The court denied D'Angelo's subsequent motion for mistrial and told the jury to disregard the comments. Even if the prosecutor's statement constituted error, D'Angelo failed to preserve the issue because he did not thereafter renew his motion for mistrial or request further curative instructions. See *Tidwell v. State*, 219 Ga. App. 233, 237 (4) (464 SE2d 834) (1995). Therefore, this enumeration is without merit. Furthermore, we do not believe these are the type of incurable, inflammatory remarks that require a mistrial. See *Cain v. State*, 212 Ga. App. 531, 535 (442 SE2d 279) (1994); see also *McKibbons v. State*, 216 Ga. App. 389, 392-393 (4) (455 SE2d 293) (1995) (*not* error for prosecutor in *closing argument* to remark that drugs are "ravaging our community").

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 14, 1996.

*Joseph A. Bazemore*, for appellant.
*R. J. Martin III, District Attorney, Martha-Ann C. Kirkland, Assistant District Attorney*, for appellee.