## A97A1804. VEAL v. THE STATE.
(494 SE2d 373)

RUFFIN, Judge.

Johnny Veal was indicted for armed robbery and two counts of aggravated assault. Veal's first trial was declared a mistrial due to a hung jury. In a second trial, a jury found Veal guilty of two counts of aggravated assault. Veal appeals, asserting that the court in the second trial erred by failing to grant a mistrial following the prosecutor's purportedly inappropriate comments during closing argument. For reasons which follow, we affirm.

Veal does not challenge the sufficiency of the evidence which, viewed in a light most favorable to support the jury's verdict, showed that he and co-defendant Jarvis Youmas attempted to rob two victims at gunpoint. Rather, he claims that the assistant district attorney improperly placed his character in issue during closing argument. Specifically, the transcript shows that the assistant district attorney stated to the jury that Veal and Youmas were "two running buddies. They have been together for years, good times and bad, in trouble, out of trouble." Veal objected to the statements and moved for a mistrial. The trial court denied the motion for mistrial, but sustained the objection, rebuked the prosecutor before the jury, and gave Veal an additional 15 minutes of closing argument to respond to the comment following the State's closing argument. Veal asserts the trial court erred in denying his motion for mistrial. We disagree.

" 'The trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and [her] ruling will not be controlled by this court unless manifestly abused.' [Cit.]" *Johnson v. State*, 208 Ga. App. 747, 750 (4) (431 SE2d 737) (1993). Furthermore, "[c]ounsel are permitted to make reasonable deductions from the evidence, and upon these deductions an attorney may make almost any form of argument he desires." (Citation and punctuation omitted.) *White v. State*, 208 Ga. App. 885, 890 (6) (432 SE2d 562) (1993).

In this case, Veal testified that he and Youmas were friends. And, although Youmas did not testify, the *defense* introduced and read to the jury Youmas' testimony from Veal's first trial, in which Youmas implicated Veal in two prior brushes with the law. Youmas stated that in a previous incident Veal was the driver of a stolen car, but was able to flee from police. Youmas also stated that on another occasion he and Veal were caught by police shooting a gun in Youmas' back yard.

Considering the prosecutor's remarks in light of this evidence, we do not find that the argument was anything more than a comment on evidence introduced by the defense. See *Conner v. State*, 251 Ga. 113 (6) (303 SE2d 266) (1983). Furthermore, even if we were to

find the argument problematic, assessing its impact following the court's rebuke of counsel before the jury and the allowance of additional closing argument in which Veal addressed the remark, we do not find that the trial court abused its discretion in failing to grant a mistrial. See *Johnson*, supra.

*Judgment affirmed. Birdsong, P. J., concurs. Senior Appellate Judge Harold R. Banke concurs specially.*

Judge Harold R. Banke, concurring specially.

I concur to emphasize that the prosecutor's argument simply drew reasonable deductions and inferences from the evidence presented. *Callahan v. State*, 179 Ga. App. 556, 563 (5) (347 SE2d 269) (1986). It is well established that during closing argument, even remote, illogical or unreasonable inferences and deductions from the evidence provide no basis for objection. See id. Because the comments at issue were permissible, the rebuke and the additional time given the defense for argument were not required. *Clark v. State*, 146 Ga. App. 697, 698 (3) (247 SE2d 221) (1978).

DECIDED NOVEMBER 26, 1997.

*Emerson Carey, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.