## A00A0534. SCANDRETT v. THE STATE.
### (534 SE2d 908)

RUFFIN, Judge.

A Clayton County jury found Charlie Horace Scandrett, Jr. guilty of possessing cocaine. On appeal, Scandrett asserts that the trial court erroneously denied his motion to suppress the cocaine. Because we agree with the trial court that Scandrett lacks standing to challenge the search that yielded the cocaine, we affirm.

Two Forest Park police officers, William Donald Raiford and Willie Martin, were patrolling an area of Forest Park known for high drug activity. They saw a car parked in the yard of a residence and a man — later identified as Scandrett — leaning into the driver's side window with his hands inside the car. Thinking that a drug sale was in progress, the officers stopped to investigate. As Raiford approached the car, Scandrett looked at him, then removed his hands from the car and put them in his jacket pockets. As Scandrett started walking toward the back of the car, Raiford told him to put his hands on the car. Scandrett "made a sudden movement like he was breaking to run," and Raiford grabbed him. With his right hand, Scandrett threw a bag over the top of the car. Martin retrieved the bag, which contained crack cocaine.

Scandrett moved to suppress the cocaine as the fruit of an illegal detention and search. At a hearing on the motion to suppress, Scandrett testified that the bag was not his and denied throwing it over the car. Scandrett began to give his version of events, but the prosecutor objected that Scandrett lacked standing to contest the search of the bag unless he admitted possession of it. Scandrett's attorney stated, "Your Honor, I would cede [sic] to [the prosecutor's] objection." The trial court then denied Scandrett's motion on the ground that he lacked standing to challenge the search of the bag, and defense counsel stated, "I completely understand, Your Honor."

On appeal, Scandrett argues that the cocaine should have been suppressed because the police lacked reasonable suspicion to detain him, and the illegal detention coerced him into abandoning the bag. The State contends that the police had sufficient specific and articulable facts to justify a *Terry*-type stop. Oddly, neither party addresses the basis for the trial court's ruling — that Scandrett lacked standing to challenge the search of the bag. We, however, agree with the trial court.[1]

It is well established that "[t]he Fourth Amendment right against unreasonable search and seizure is a personal right and may not be

---

[1] Arguably, we need not even address the merits of the trial court's ruling on standing, as defense counsel apparently acquiesced in the trial court's ruling and does not enumerate it as error on appeal.

asserted vicariously."[2] Accordingly, "[w]hen . . . the accused disavows ownership of or other legitimate possessory interest in the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right."[3] In *Wade v. State*,[4] police found a bag that contained drug paraphernalia on the defendant's person. The defendant insisted that "just prior to his detention, he had seen the bag lying beside the path and had picked it up."[5] As the defendant disavowed ownership of the bag, we held that the search was lawful.[6] Likewise, in *Deych v. State*,[7] police found cocaine in a piece of airport luggage for which the defendant had a claim check. Because the defendant insisted that the luggage was not his, we ruled that the trial court properly denied his motion to suppress the cocaine.[8]

Here, Scandrett testified unequivocally at the hearing on his motion to suppress that the bag containing cocaine was not his. In view of Scandrett's denial of any possessory interest in the bag, he lacked standing to contest its search. The trial court properly denied the motion to suppress on this basis.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 25, 2000.

*Emmett J. Arnold IV*, for appellant.

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.

---

[2] (Punctuation omitted.) *Henderson v. State*, 211 Ga. App. 102, 103 (2) (438 SE2d 181) (1993).

[3] (Punctuation omitted.) Id. See also *State v. Harris*, 236 Ga. App. 525, 529 (3) (513 SE2d 1) (1999).

[4] 184 Ga. App. 97 (360 SE2d 647) (1987).

[5] Id.

[6] Id. at 97-98.

[7] 188 Ga. App. 901-902 (2) (374 SE2d 753) (1988).

[8] Id. See also *Young v. State*, 187 Ga. App. 161, 164 (369 SE2d 772) (1988); *Johnson v. State*, 208 Ga. App. 747, 749-750 (3) (431 SE2d 737) (1993) (physical precedent only); *Henderson*, supra.