## A02A1833. SIMS v. THE STATE.
(574 SE2d 879)

RUFFIN, Presiding Judge.

A jury found Travis Sims guilty of possessing cocaine with intent to distribute and two counts of misdemeanor obstruction of an officer. Sims appeals, asserting that the trial court erred in denying his

---

motion to suppress evidence of the cocaine. Finding no error, we affirm.

In considering Sims' challenge to the denial of his motion to suppress, we construe the evidence in a light most favorable to the trial court's judgment, and we accept its findings of fact unless they are clearly erroneous.[1] Viewed in this manner, the evidence showed that on the day of Sims' arrest, Covington Police Officer Adam Cooper responded to a report of loud music being played in a residential area. When he arrived at the scene, Officer Cooper discovered the music was coming from a house and from a car parked in front of the house. Cooper warned those present to turn the music down and left.

A short time later, Covington police received a second complaint of loud music coming from the same residence. Officer Cooper and another officer, Mark Jones, responded to the complaint. As the officers approached the house, they heard loud music coming from the same car that was present during the earlier incident. Sims was seated in the driver's seat of the car, and when the officers arrived, he started backing the car up. Officer Cooper told Sims to stop the car, and Sims complied. Sims got out of the car, however, and started walking away. Sims ignored Officer Cooper's repeated orders to stop and ran into the house. As Officer Jones chased Sims, he saw Sims throw something to the ground. After securing Sims, Jones went back to the spot where Sims threw something, and Jones discovered a bag containing crack cocaine.

Sims contends that the trial court should have suppressed evidence of the cocaine because the officers did not have a reasonable, articulable suspicion to justify their investigatory stop. We disagree. The car in which Sims was attempting to drive away was the subject of an earlier loud music complaint, and Officer Jones heard loud music coming from the car when he went to investigate the second complaint. Furthermore, Sims' refusal to comply with Officer Cooper's repeated orders to stop added another basis for the officers' suspicions that Sims was responsible for the loud music.[2] Finally, "because [Sims] threw away the bag containing the cocaine when Officer [Jones was chasing] him, the trial court was authorized to find that the cocaine was not seized as the result of a search but was instead abandoned before [Sims] submitted to the officer's request to stop."[3] Accordingly, the trial court did not err in refusing to suppress the cocaine on these grounds.[4]

Although Sims also argues that the trial court should have

---

[1] See *Buckley v. State*, 254 Ga. App. 61 (561 SE2d 188) (2002).

[2] See *D'Angelo v. State*, 223 Ga. App. 558, 559 (1) (479 SE2d 384) (1996).

[3] Id.

[4] See id. at 560.

granted his motion because the State failed to present competent evidence showing that the loud music violated a Covington noise ordinance, he did not raise that argument in his motion to suppress, and it is, therefore, waived on appeal.[5]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 3, 2002.

*Edgar A. Callaway, Jr.*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.

---

[5] See *Jackson v. State*, 252 Ga. App. 268, 271 (2) (555 SE2d 908) (2001).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).