# Court of Appeals
# of the State of Georgia

ATLANTA, November 21, 2013

*The Court of Appeals hereby passes the following order:*

**A14D0102. CHARLIE HORACE SCANDRETT, JR. v. THE STATE.**

Charlie Horace Scandrett, Jr. was convicted of possession of cocaine, and we affirmed his conviction on appeal. *Scandrett v. State*, 244 Ga. App. 200 (534 SE2d 908) (2000). He later filed a motion to vacate a null and void conviction and sentence, which the trial court denied. Scandrett then filed this application for discretionary appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, __ Ga. __ (748 SE2d 446) (Case No. S13G0198, decided September 9, 2013).

In his motion, Scandrett argued that the state improperly charged him by accusation rather than indictment. This is a challenge to the validity of his conviction, not his sentence. Because Scandrett is precluded from attacking his

conviction at this juncture and did not assert a colorable void-sentence claim, his application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* <u>11/21/2013</u>
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*