**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed. http://www.gaappeals.us/rules**

**July 9, 2019**

# In the Court of Appeals of Georgia

A19A0889. CHAMBERS v. THE STATE.

PER CURIAM.

Convicted of possession of cocaine with intent to distribute, Robert Kenzie Chambers appeals, contending that (1) the trial court erred in denying his motion to suppress because his detention was not justified by exigent circumstances, and (2) his trial counsel rendered ineffective assistance in failing to request a jury charge on simple possession. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that in January 2009, an agent with the Oconee Drug Task Force received a tip from an unpaid confidential informant. The agent had known the informant for five years, the informant's previous tips had resulted in ten to fifteen arrests, and the informant had

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

never given the agent false information. The agent contacted members of local law enforcement and relayed the tip: Chambers was traveling to his residence in a gold Ford Explorer driven by his girlfriend and he would be carrying a large quantity of crack cocaine. The agent asked an officer with the Helena Police Department to be on the lookout for Chambers and to detain him. The officer drove to Chambers's residence and observed Chambers's girlfriend pull into the driveway in a gold Explorer, with Chambers in the passenger seat.

The officer approached the passenger side of the vehicle and told Chambers and his girlfriend to put their hands on the dash. Meanwhile, several teenagers gathered around the vehicle. Chambers reached into his pants, pulled out a gray cloth bag, threw the bag out the window of the vehicle to his son, and told him to run. The officer asked for the bag, and Chambers's son handed it to the officer. The bag contained numerous pieces of suspected crack cocaine, three bags of suspected powder cocaine, and numerous small baggies. Subsequent testing showed the suspected narcotics to be 12.67 grams of cocaine.

Prior to trial, Chambers filed a motion to suppress, arguing that there was no probable cause for the stop. The motion was denied from the bench following a hearing.

At trial, the agent testified that the street value of the drugs was approximately $1,267 and, based on his experience, Chambers did not possess the drugs for personal use. In his defense, Chambers testified and denied owning the bag. He further testified that he had given a ride to a man he knew, who had left the bag in his car, and explained that he threw the bag out of the window so that his son could throw it away.

A jury convicted Chambers of possession with intent to distribute. He timely filed a motion for new trial in 2010, which was not denied until 2018. This appeal follows.[2]

---

[2] Chambers's trial took place on November 16, 2010, and the judgment of conviction was entered that same day. Trial counsel filed a motion for new trial on December 13, 2010. In 2012, Chambers filed a pro se motion for new counsel and a pro se amended motion for new trial, raising, for the first time, his claim for ineffective assistance. On October 30, 2012, Chambers's current counsel filed an entry of appearance. On November 1, 2012, Chambers filed a pro se request for a hearing on his motion for new trial and a brief in support of his motion. No hearing was set. On July 18, 2014, Chambers again filed his pro se amended motion for new trial. On August 22, 2016, Chambers sent a letter to the clerk of court, inquiring about his motion for new trial. Rather than setting the matter for a hearing, the clerk returned Chambers's pro se motions to him and suggested that he direct any further questions to his "former attorney" – who still represents him today – or the district attorney. At some point in the intervening years, the judge who presided over Chambers's trial retired.

Apparently, it was not until the Supreme Court's directive in *Owens v. State*, 303 Ga. 254 (811 SE2d 420) (2018), that the clerk of court reviewed the criminal case files, "discovered" that Chambers's motion remained pending, and referred the matter

1. Chambers contends that the trial court erred in denying his pretrial motion to suppress because, even if the officer had probable cause to detain him, his detention was not justified by exigent circumstances.

In reviewing a trial court's ruling on a motion to suppress, this Court must construe the record in the light most favorable to the trial court's factual findings and judgment, and "all relevant evidence of record, including evidence introduced at trial, as well as evidence introduced at the motion to suppress hearing, may be considered." *Pittman v. State*, 286 Ga. App. 415, 416 (650 SE2d 302) (2007) (punctuation omitted). The trial judge sits as the trier of fact and its "findings based upon

to a judge for a hearing. See id. at 260 (4); Uniform Superior Court Rule 39.3.1. Finally, the court set Chambers's motion for new trial for a hearing on August 16, 2018, which was rescheduled to September 19, 2018, after the Department of Corrections failed to produce him for the August hearing. In the meantime, Chambers filed a counseled amended motion for new trial. Following the hearing, Chambers's motion for new trial was denied on October 4, 2018. The case was docketed in this Court on December 4, 2018.

Suffice to say, "[t]his sort of extraordinary post-conviction, pre-appeal delay puts at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. It is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Morgan v. State*, 290 Ga. 788, 789 n.2 (725 SE2d 255) (2012) (citation and punctuation omitted). Nevertheless, this delay does not affect the outcome of this appeal as Chambers has asserted no error associated with it. See id.

4

conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them." *Brown v. State*, 293 Ga. 787, 802-803 (3) (b) (2) (750 SE2d 148) (2013) (punctuation omitted). "A trial court's ruling on a motion to suppress will be upheld if it is right for any reason." *Burkes v. State*, 347 Ga. App. 790, 791 (1) (821 SE2d 33) (2018).

Here, the trial court found that the informant's tip was reliable and corroborated by the officer's observations on the scene, such that there was probable cause to arrest Chambers. Without making any additional factual findings, the court also found "exigent circumstances[.]"

Generally, the Fourth Amendment prohibits warrantless searches unless "they fall within a well-established exception to the warrant requirement, including searches conducted pursuant to consent, the existence of exigent circumstances, and searches incident to a lawful arrest." *State v. Turner*, 304 Ga. 356, 359 (1) (818 SE2d 589) (2018) (punctuation omitted). However, Fourth Amendment rights are personal, and, as such, "a defendant may move to suppress evidence obtained through an illegal search and seizure only when his own rights were violated." *Jones v. State*, 320 Ga. App. 681, 685 (2) (740 SE2d 655) (2013) (punctuation omitted).

In this case, the unpaid informant had a history of providing reliable information to the agent, and the informant's tip was corroborated by the officer's observation at the scene that Chambers was traveling to his home in the passenger seat of his gold Explorer driven by his girlfriend. "When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search." *Wells v. State*, 212 Ga. App. 60, 63 (2) (441 SE2d 460) (1994). Accordingly, the officer had probable cause to detain Chambers. See id.

Moreover, upon approaching the vehicle, the officer ordered Chambers to place his hands on the dash, but instead Chambers threw the bag out of the window. As our Supreme Court has explained, "absent physical force," an encounter with a police officer is not considered a seizure under the Fourth Amendment, unless there is "submission to the assertion of authority." *State v. Walker*, 295 Ga. 888, 891 (764 SE2d 804) (2014). Because Chambers did not comply with the officer's command, his abandonment of the bag was not the fruit of any seizure, and there was no need to suppress the bag. See id.; *Sims v. State*, 258 Ga. App. 662, 663 (574 SE2d 879) (2002) (affirming denial of motion to suppress when defendant threw away bag containing cocaine before submitting to officer's request).

Finally, to the extent that Chambers challenges the officer's authority to search the bag, "when the accused disavows ownership of or other legitimate possessory interest in the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right." *Scandrett v. State*, 244 Ga. App. 200, 201 (534 SE2d 908) (2000) (punctuation omitted). Chambers testified that the bag did not belong to him. As such, he had no legitimate expectation of privacy in it and lacked standing to challenge its search. See *Duncan v. State*, 346 Ga. App. 777, 784 (2) (815 SE2d 294) (2018) (holding that defendant had no legitimate expectation of privacy in bag and lacked standing to challenge search of bag when he contended that someone else owned bag); *Scandrett*, 244 Ga. App. at 201 (affirming denial of motion to suppress when defendant denied any possessory interest in the bag that was searched).

Ultimately, the contents of the bag were admissible, and the trial court did not err in denying Chambers's motion to suppress.[3]

---

[3] In his brief, Chambers argues that no "exigent circumstances" justified his detention, but this argument is not persuasive. As a general matter, exigent circumstances are used to justify warrantless entry into a house when, inter alia, an officer reasonably fears the imminent destruction of evidence. *James v. State*, 294 Ga. App. 656, 659 (670 SE2d 181) (2008). Here, there was no entry into Chambers's house or vehicle prior to the discovery of the bag. Nevertheless, pretermitting whether exigent circumstances have any application in this case, the officer could have

2. Chambers also argues that his trial counsel provided ineffective assistance by failing to request a jury charge on simple possession of cocaine as a lesser-included offense of possession with intent to distribute.

In order to prevail on a claim of ineffective assistance, Chambers must show both that counsel's performance was deficient and that the deficiency prejudiced him such that there is a reasonable probability that, but for the deficiency, the outcome of his trial would have been different. *Grant v. State*, 295 Ga. 126, 130 (5) (757 SE2d 831) (2014) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)). "There is a strong presumption that trial counsel provided effective representation and, as a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Richardson v. State*, 276 Ga. 548, 552 (3) (580 SE2d 224) (2003). On review, we defer to the trial court's factual findings and credibility determinations unless clearly erroneous, but we review its legal conclusions de novo. *Grant*, 295 Ga. at 130 (5).

At the hearing on the motion for new trial, counsel testified that he did not request a jury charge on simple possession because Chambers was not interested in

---

reasonably feared the destruction of evidence, in light of the tip, the teenagers surrounding the vehicle, and the fact that Chambers actually threw the bag out of the vehicle. See id.

8

serving any prison time. To that end, Chambers refused a plea offer. With this in mind, counsel believed that the only chance for an acquittal was to force the State to meet its burden of showing possession with intent to distribute, as opposed to simple possession.

The undisputed evidence at trial was that the bag contained 12.67 grams of cocaine and that the cocaine was not possessed for personal use. Notably, there was no evidence to support possession of a smaller amount of cocaine. Moreover, trial counsel's decision not to request a jury charge on a lesser-included offense in order to pursue an all-or-nothing defense was a matter of trial strategy. See *Allen v. State*, 286 Ga. App. 469, 474 (2) (b) (649 SE2d 583) (2007). Accordingly, Chambers has not shown that his counsel was ineffective.

*Judgment affirmed. Division Per Curiam. All Judges concur*.